A. Ellicott Brown et al., complainants,

*v.*

John Wencher, defendant.

[Submitted March 26th, 1923.　Decided April 13th, 1923.]

1. A decree of the orphans court for the sale of lands to pay the debts of a decedent cannot be attacked in a collateral proceeding for fraud practiced upon the orphans court where that court had jurisdiction of the subject-matter and the parties.

2. Specific performance will not be decreed where reasonable doubt exists concerning the title, which might involve the purchaser in future litigation.

3. A sale of property to pay debts of a decedent under a decree of the orphans court divests the decedent's heirs or devisees of all title to the premises in question.

On bill, &c.

*Mr. Benjamin A. Vail,* for the complainants.

*Mr. Orlando H. Dey,* for the defendant.

BENTLEY, V. C.

The bill herein seeks a decree for specific performance of a contract for the conveyance of land.

In his lifetime George F. Brown, deceased, the father of the complainant A. Ellicott Brown and husband of the complainant Marian S. Brown, was the owner of a part of certain lands and premises in the city of Rahway, and died seized thereof on April 20th, 1914, leaving a last will and testament which has been duly probated, wherein and whereby he gave an estate for her life to his widow, or during her widowhood, in all his property, with remainder "unto my children share and share alike and their heirs and assigns forever." His will then provided as follows:

"*Fourth.*—In case any of my children be deceased at the time of my decease or the decease or remarriage of my aforesaid wife, leaving lawful issue, then and in that case I hereby direct and order that the part to which such child, if living would be entitled to receive out of my estate in accordance with the terms of this will, be paid to such lawful issue share and share alike.

"*Fifth.*—In case all of my children be deceased without leaving lawful issue at the time of my decease or decease or remarriage of my aforesaid wife, then and in that case I give, bequeath and devise all of my said property aforesaid unto my brothers and sisters share and share alike, to them and their heirs forever, but if any of my said brothers and sisters should be deceased at the time, when in accordance with the terms of this will they would be entitled to my estate, and leaving lawful issue, then and in that case I direct that the part of my estate to which such deceased brother or sister would be entitled if living be paid to their lawful issue share and share alike and to their heirs and assigns forever."

At the time of his death the said George F. Brown left him surviving his widow and one son, the complainants herein, as his only heirs-at-law and next of kin. He left, however, a nephew and niece, both of whom are now living, the children of a brother who predeceased him and who of course would have a contingent remainder.

The complainant Marian S. Brown, as executrix of said will, filed her petition in the orphans court of Union county in 1921, seven years after the death of her testator, for leave to sell lands to pay the testator's debts under the statute. Such proceedings were had thereon that in the same year a decree was made and the lands sold. The sale was made by her as executrix to her son, the complainant A. Ellicott Brown, and included the lands involved in this suit. Thereafter both complainants entered into a contract with the defendant to convey the lands aforesaid.

The first defence interposed is an attempt to attack, collaterally, the decree of the orphans court authorizing the sale from the executrix to the complainant A Ellicott Brown. The ground alleged is the fraud practiced upon the court in the petition for permission to sell the lands of the decedent.

I incline to the belief that the defendant cannot thus collaterally attack the decree of the orphans court, for the reasons given in *Lawson* v. *Acton, 57 N. J. Eq. 107; Plume* v. *Howard Savings Institution, 46 N. J. Law 211; Clark* v. *Costello, 59 N. J. Law 234; Munday* v. *Vail, 34 N. J. Law 419* (at *p. 422*), and *Forrest* v. *Price, 52 N. J. Eq. 16* (at *p. 24*).

The defendant maintains that the petition for the sale of this land in the orphans court on its face discloses that it was to be sold for debts that were not those of the testator. This is not so. It is true that some of the items charged against the testator's estate in the account of the executrix annexed to her petition were in fact her own debts as life tenant; but there were items far exceeding the value of the personal estate that were properly debts of the decedent and for which his lands could be properly sold, pursuant to the act. Furthermore, under the opinion in *Lawson* v. *Acton, supra,* it is

clear that the defendant is protected by the decree of the orphans court and the order confirming the sale. In this case Vice-Chancellor Pitney, greatly against his own personal opinion, decided that the law was, even at that day, established in this state, following the *Van Kleek Case, Spenc. 31; 1 Zab. 582.* Applying the rule in *Munday* v. *Vail, Forrest* v. *Price* and *Plume* v. *Howard Savings Institution, supra,* he says: "In this case the presentation of the petition gave the court jurisdiction of the particular matter." And in the case in hand the petition in the orphans court of the complainant Mrs. Brown clearly showed the jurisdiction of that court over the subject-matter.

The defendant also argues that the quality of the title he would receive would render it unmarketable and subject him to the perils described in *Van Riper* v. *Wickersham, 77 N. J. Eq. 232; Vreeland* v. *Blauvelt, 23 N. J. Eq. 483; Dobbs* v. *Norcross, 24 N. J. Eq. 327; Tillotson* v. *Gesner, 33 N. J. Eq. 313; Cornell* v. *Andrew, 35 N. J. Eq. 7; S. C., 36 N. J. Eq. 321; Paulmier* v. *Howland, 49 N. J. Eq. 364; Lippincott* v. *Wikoff, 54 N. J. Eq. 107; Day* v. *Kingsland, 57 N. J. Eq. 134.* To like effect will be found the case of *Kohlrepp* v. *Ram, 79 N. J. Eq. 386,* wherein Vice-Chancellor Garrison collects a large number of cases. And to like effect is the opinion of Vice-Chancellor Buchanan in *Smith* v. *Reidy, 92 N. J. Eq. 586.*

Of course, the rationale of these decisions is too deeply imbedded in our jurisprudence to admit of any argument if it is apposite to the facts of the case at bar.

The defendant argues that under the will of George F. Brown, the complainant A. Ellicott Brown took a vested remainder with contingent remainders to any child of his, if such there may ever be, and to the nephew and niece of the testator mentioned above. But, he argues, the title of the complainant A. Ellicott Brown, under the will of his father, is subject to be divested upon his death, either with or without issue, before the death or remarriage of his mother; in the first instance, in favor of his son, and in the second instance, in favor of the nephew and niece before mentioned.

*Burd. R. Prop. 358; 23 R. C. L. 509 § 43.* If the title to
be conveyed under the contract—that is, the basis of this
suit were that taken by the complainant A. Ellicott Brown
under the·will, then this contention would be destructive of
the complainants' bill. But that is not so. In fact, the title
to be conveyed, and the title that the defendant would take
under the contract, is the title that vested in the complain-
ant A. Ellicott Brown by force of the sale under the orphans
court decree.

The estate which the vendee takes by virtue of a deed under
proceedings to sell land to pay the debts of the decedent is
defined by section 94 of the Orphans Court act (*3 Comp.
Stat. p. 3846*) in the following language:

"Which said deeds of conveyance, duly executed as aforesaid, shall
vest in the purchaser or purchasers all the estate that the testator
or intestate was seized of at the time of his or her death, if the order
to show cause be obtained within one year thereafter; and if the
said order be not obtained within that time, then the said conveyance
shall vest in the purchaser or purchasers all the estate that the heirs
or devisees of the testator or intestate were seized of at the time of
the making of the said order of the orphans court."

The defendant maintains under this language as if it
meant that the vendee at such sale takes only such title as
is then vested; without contingent remainders being thereby
at all disturbed. In other words, the title to the lands in
question having at the time of the sale vested in A. Ellicott
Brown, that the decree and deed serve to convey only that
interest, namely, his vested remainder, subject, as it was, to
be divested as above indicated and without effect upon the
estate given by the will to the contingent remaindermen.
But such is not the language of the act. It says that it shall
vest "all·the estate that the heirs or devisees of the testator
or intestate were seized of at the time of the making of said
order."

My interpretation of this language is that it conveys all
the estate that all the heirs or devisees had at the time men-
tioned. Otherwise, the procedure authorized by the statute
might in any case be a vain and futile thing; for surely no

one would purchase at a sale a purely defeasible estate in the decedent's lands. To this effect was the decision in *Incandescent Light, &c., Co.* v. *Stevenson, 83 N. J. Eq. 483,* where Vice-Chancellor Leaming said: "Our statute created a lien in behalf of a general creditor of a deceased person on the lands of the deceased for a period of one year and thereafter until a *bona fide* sale of the land has been made by the heir or devisee." To like effect are *Haston* v. *Castner, 31 N. J. Eq. 697,* and *Westervelt* v. *Voorhis, 42 N. J. Eq. 179.*

Therefore, the proceedings and decree of the orphans court not being open for review in this case, and the title which A. Ellicott Brown now has in the lands in question, together with that of his mother who joins with him in the deed, being an indefeasible estate in fee-simple, and the title which the defendant will take measuring as it does up to the requirement fixed by the decision hereinabove mentioned, the complainant is entitled to a decree.