The evidence tended to show that on 24 March, 1924, the defendant issued and delivered to the plaintiff a certain policy of insurance, providing that: "If the insured becomes totally and permanently disabled and is thereby prevented from performing any work or conducting any business for compensation or profit, . . . the company will, if there has been no default in the payment of premiums, waive the payment of all premiums falling due during such disability after the receipt of such proof; *Page 847 
"If such disability existed before the insured attained the age of sixty years, the company will pay to the insured the sum of ten dollars for each one thousand dollars of the amount of insurance and will pay the same sum on the same day of every month thereafter during the lifetime and the continuance of such disability of the insured, the first payment to become due on evidence of such disability."
The plaintiff offered evidence to the effect that he became disabled within the terms of the policy in August, 1925. There was also evidence to the contrary.
The following issue was submitted to the jury: "Did the plaintiff on 30 August, 1925, become totally and permanently disabled, and thereby prevented from performing any work or conducting any business for compensation or profit." The jury answered the issue "No," and from judgment upon the verdict denying recovery, the plaintiff appealed.
An examination of the record discloses no reversible error either in the admission of evidence or in the charge of the trial judge. The merit of the controversy involved an issue of fact, and such issue has been determined by the jury adversely to the plaintiff.
Affirmed.