## VIRGINIA *v*. IMPERIAL COAL SALES CO., INC.

No. 16. Argued October 12, 1934.—Decided November 5, 1934.

*Mr. Henry R. Miller, Jr.,* with whom *Mr. Abram P. Staples,* Attorney General of Virginia, and *Mr. W. W.*

*Martin,* Assistant Attorney General, were on the brief, for petitioner.

*Messrs. James R. Caskie* and *F. P. Christian, Jr.,* for respondent.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

The Imperial Coal Sales Company, a corporation organized under the laws of Virginia, sought exoneration from taxes assessed on its capital and income by the Department of Taxation of that State. The taxes were assailed under the commerce clause and the Fourteenth Amendment of the Constitution of the United States. The judgment of the trial court, holding the taxes to be invalid, was affirmed by the Supreme Court of Appeals. 161 Va. 718, 736; 167 S. E. 268, 172 S. E. 927. This Court granted certiorari. 292 U. S. 619.

The tax on income was held to be invalid upon the non-federal ground that it was unauthorized by the state law. But in dealing with the capital tax, the state court concluded that it was " unnecessary to pass upon the construction of Section 73 of the Tax Code under which the assessment was made." While observing " a strong leaning and intent on the part of the lawmakers to exclude such corporations as the sales company from state tax action," the Court did not put its decision upon a non-federal ground but based it explicitly upon the ground that the tax was invalid under the Federal Constitution. The Court said—" We prefer to rest the decision of the validity of the capital tax here considered upon the broad proposition that it is invalid because it is a burden upon interstate commerce and forbidden by the Constitution of the United States." As the decision was thus expressly rested, not upon the inapplicability of the state law, but upon a determination of the federal

question, by which the bar of the Federal Constitution was erected against the levy of the tax, this Court has jurisdiction. 28 U. S. C. 344 (b); *Henderson Bridge Co.* v. *Henderson City,* 173 U. S. 592, 608, 609; *Rogers* v. *Hennepin County,* 240 U. S. 184, 188, 189; *Grayson* v. *Harris,* 267 U. S. 352, 358.

The material facts, as set forth by the state court, are as follows: Respondent, having its principal office in Lynchburg, Virginia, and maintaining a branch office in Cincinnati, Ohio, conducts a sale agency. Its sole business is that of selling coal for foreign coal mining corporations. It directs and manages the shipment and transportation of the coal, collects the proceeds of sale, and is paid a commission of eight per cent. Respondent does not own or lease coal mines and is not engaged in the business of mining. No coal of any consequence is sold in Virginia and none of the coal is located in Virginia at the time of sale. Nor does respondent own or operate warehouses or coal storage yards in Virginia. It does not retail, buy or own, coal but sells coal for its foreign principals in carload lots f. o. b. mines for a continuous journey between points outside of Virginia. When coal is sold through the Cincinnati office contracts are forwarded to the Lynchburg office for approval, and orders are sent to the mines for shipment. The record of sales and an account with the mines from which the coal is shipped are kept in the office at Lynchburg. Purchasers agree to pay monthly. Respondent collects the money and deposits it in bank in Lynchburg, and from these proceeds the mines are paid for the coal, less respondent's commissions.

The state court held that while respondent was doing business in Virginia, that business " arises out of, is inseparable from and incidental only to, the principal business of selling coal in interstate commerce." The Court said that a corporation engaged in interstate commerce

" may be taxed by a state on (1) its real estate and tangible personal property situated in the taxing state, and (2) upon its intangible personal property if in the taxing state it does intrastate business or has any appreciable real or tangible property. But if it has no real or tangible property and does no intrastate business in the taxing state, it cannot be taxed by that state."

■ The tax in question, styled a " capital tax," is an *ad valorem* property tax. It is a state tax of " seventy-five cents on every one hundred dollars of the actual value " of the capital of any trade or business except that otherwise specifically taxed or exempted from taxation. Section 73, Tax Code of Virginia. By ' capital ' is meant the property described. The property which is subject to the tax consists of (1) the inventory of stock on hand, (2) the excess of all bills and accounts receivable over bills and accounts payable, (3) all money on hand and on deposit, and (4) all other taxable personal property of any kind whatever, including all choses in action, equities, demands and claims, but excluding certain property specifically mentioned in the statute. Real estate used in trade or business is not held to be capital under the statute but is to be listed and taxed as other real estate; and tangible personal property used in trades and businesses mentioned in the statute is to be listed exclusively for local taxation.

In the instant case, no property was assessed under the first and fourth categories of the statute, for respondent had none. The assessment, as the state court found, was based " on the money on hand, plus the excess of the bills and accounts receivable over the bills and accounts payable." The state court treated the tax as a property tax, saying that " it must be borne in mind that the tax sought to be imposed is one upon property which is entirely intangible and which is used wholly and exclusively in interstate commerce."

■ Respondent's ownership of the property assessed is not disputed. No question is presented on this point merely because of the conduct of its business as a sales agency. The ownership of the property was the subject of a stipulation in the trial court, and it was agreed " that the property constituting the basis of the assessment on capital was, on the dates in question, the property of the sales company."

■ The money on hand, and the bills and accounts receivable, the excess of which over bills and accounts payable was assessed, had their *situs* in Virginia. Respondent is a domestic corporation with its principal office in that State where the proceeds of its accounts receivable are collected and deposited in bank. Such credits and accounts are regarded as situated at the domicile of the creditor and that domicile establishes a basis for taxation. *Kirtland* v. *Hotchkiss,* 100 U. S. 491, 498; *Fidelity & Columbia Trust Co.* v. *Louisville,* 245 U. S. 54, 58; *Maguire* v. *Trefry,* 253 U. S. 12, 16; *Blodgett* v. *Silberman,* 277 U. S. 1, 15; *Baldwin* v. *Missouri,* 281 U. S. 586, 591, 592; *Beidler* v. *Tax Commission,* 282 U. S. 1, 8; *Lawrence* v. *Tax Commission,* 286 U. S. 276, 279, 280.

■ Property having its situs within the taxing State is not exempt from a non-discriminatory property tax merely because the property is used in interstate commerce. Corporations engaged in interstate commerce should bear their proper share of the burdens of the government under whose protection they conduct their operations, and non-discriminatory taxation of their property although used in interstate commerce, as this Court has frequently said, affects that commerce only incidentally and is not inconsistent with the constitutional immunity from the imposition of direct burdens. *Postal Telegraph Cable Co.* v. *Adams,* 155 U. S. 688, 696; *Adams Express Co.* v. *Ohio,* 165 U. S. 194, 220; *Atlantic & Pacific Telegraph Co.* v. *Philadelphia,* 190 U. S. 160, 163; *United*

*States Express Co.* v. *Minnesota,* 223 U. S. 335, 344; *Cudahy Packing Co.* v. *Minnesota,* 246 U. S. 450, 453; *Wells, Fargo & Co.* v. *Nevada,* 248 U. S. 165, 166, 167; *Eastern Air Transport* v. *Tax Commission,* 285 U. S. 147, 152.

Such taxation may embrace intangible as well as tangible property. *Adams Express Co.* v. *Ohio,* 166 U. S. 185, 218, 219; *Cudahy Packing Co.* v. *Minnesota, supra; Wells, Fargo & Co.* v. *Nevada, supra.* It is not the character of the property that makes it subject to such a tax, but the fact that the property has its situs within the State and that the owner should give appropriate support to the government that protects it. That duty is not less when the property is intangible than when it is tangible. Nor are we able to perceive any sound reason for holding that the owner must have real estate or tangible property within the State in order to subject its intangible property within the State to taxation.

We are dealing, as we have said, with an *ad valorem* property tax, and not with a privilege tax. Respondent is not taxed upon the privilege of engaging in interstate commerce, and decisions, cited by the state court, holding such taxes to be invalid are not apposite. Thus, in *Ozark Pipe Line Corp.* v. *Monier,* 266 U. S. 555, the tax was held to be bad as one imposed "upon the privilege or right to do business" of a corporation engaged only in interstate commerce. *Id.,* p. 562. The same principle of protection was applied in *Alpha Portland Cement Co.* v. *Massachusetts,* 268 U. S. 203, 216. Compare *Anglo-Chilean Corp.* v. *Alabama,* 288 U. S. 218. Decisions holding invalid license fees or excise taxes measured in such a manner as to burden interstate commerce and to attempt to exert the taxing authority with respect to business and property beyond the jurisdiction of the State, are also inapplicable. Cf. *Air-Way Electric Corp.* v. *Day,* 266 U. S. 71, 83. Nor are we here concerned

with the question which has been discussed in cases dealing with the effect of the taxation of gross receipts derived from interstate commerce.[1] Without going into that question, it is sufficient again to point out that the tax is not laid upon gross receipts but upon the " excess of all bills and accounts receivable over bills and accounts payable." The effect upon interstate commerce, as in other instances of non-discriminatory property taxation, is at most indirect and incidental. See *United States Glue Co.* v. *Oak Creek,* 247 U. S. 321, 329; *Shaffer* v. *Carter,* 252 U. S. 37, 57.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Reversed.*

---

[1] See *Fargo* v. *Michigan,* 121 U. S. 230; *Philadelphia & Southern Steamship Co.* v. *Pennsylvania,* 122 U. S. 326; *Galveston, H. & S. A. Ry. Co.* v. *Texas,* 210 U. S. 217; *Crew Levick Co.* v. *Pennsylvania,* 245 U. S. 292, 295; *Cudahy Packing Co.* v. *Minnesota,* 246 U. S. 450, 453; *New Jersey Telephone Co.* v. *Tax Board,* 280 U. S. 338, 349.