The primary issue here involved is whether, in the settlement of the estate of a testator in which the personal assets are found insufficient to discharge testator's debts, the executors are entitled to the rents of the real estate owned by testator at the time of his decease. This inquiry must be answered in the negative.
By his will testator bequeathed to his wife the income of his real and personal property for her life or widowhood, *Page 345 
and at her death or remarriage the residue of his estate was given to his children. He then appointed defendant trust company his executor. No power of sale was given to the executors and no provision in the will directs the payment of the debts of testator or creates any charge on the real estate or its income. The executors have collected rents which have accrued since testator's death under leases of his real estate made by testator in his lifetime. Testator's personalty proving inadequate to pay his debts the orphans court has regularly made an order for the sale of the real estate to pay debts. Complainant, the widow, seeks an accounting from the executors of the rents collected by the executors prior to and since the order of the orphans court.
The gift to the widow is as follows:
"I give, and bequeath unto my wife, Olga Paletz, all the income from my property of any and every kind, as long as she may live, or as long as she shall remain my widow."
This gift to the wife must be regarded as a gift of the land for her life or widowhood. The established rule is that a gift of rents and profits of land, in the absence of any expression of a different intention, is tantamount to a devise of the land itself. Diament v. Lore, 31 N.J. Law 220 (at p. 222);Passman v. Guarantee Trust and Safe Deposit Co., 57 N.J. Eq. 273
(at p. 276). Accordingly complainant must be here recognized as enjoying an estate for life or widowhood in the lands here in question.
At common law rents were regarded as an incident to the land and at the death of an intestate or a testator go with the land to the heir or devisee as its incident, except rents accrued and payable in the lifetime of the deceased; those go to the executor or administrator as a part of the personal property. 3 Bac. Abr.tit. "Executors and Administrators" (at p. 63). That may also be regarded as the settled law of this state, except in so far as it may be found modified by our statutes. Demars v. Koehler,60 N.J. Law 314 (at p. 316); Condit v. Neighbor,13 N.J. Law 83 (at p. 91). Even accruing rents, which become payable at a day subsequent *Page 346 
to the death of the lessor must be sued for by the heir or devisee, and not by the administrator or executor of the lessor.Allen v. Van Houten, Admr., 19 N.J. Law 47.
The only statute which can in any way be said to confer upon executors or administrators powers or duties touching real estate is our Orphans Court act. P.L. 1898, p. 715; 3 Comp. Stat.p. 3809. Section 81 of that act provides that: "The lands, tenements, hereditaments and real estate of any person who shall die seized thereof, or entitled to the same, * * * shall be and remain liable for the payment of his or her debts, for one year after his or her decease, and may be sold by virtue of an order of the orphans court." The supplemental act of 1920 (P.L. 1920p. 577; Cum. Supp. Comp. Stat. p. 2616) in no material way changes the section quoted, except to specifically limit the period of time beyond which the liability should not extend. Since the section above quoted and the succeeding sections touching the method of its enforcement clearly provide that in the event of inadequate personal assets the real estate may be sold to raise the necessary fund to pay the debts, it is urged that the rentals of the real estate up to the time of sale should be received by the executor and applied in like manner. The act does not so provide, and the provisions of the act throughout specifically relate to the sale of the land and nowhere suggests an administration of the rentals. The sale is of the real estate and the proceeds of the sale are to be reported to the court by the executor or administrator. In Haines v. Price, Ex'r,20 N.J. Law 480, the court in reviewing the force and effect of this act — then essentially the same as now — (at pp. 485, 486) says:
"Lands in this state, have been made liable for the payment of the debts of the decedent, in certain modes prescribed by law; but they are not assets. They are not, says Chief-Justice Hornblower, `by force of any statute, in any sense, in the hands of, or subject to, the control of executors or administrators. They are not assets in their hands; but in certain cases they may be made or converted into assets for the payment of debts, by a decree of the orphans court.' *Page 347 1 Spen. 34. `The personal estate is, and the real estate may be made, assets.' Chief-Justice Ewing in 6 Hal. 7, 8. Thesedicta, defining the legal character of real estate before it is affected by the legal proceedings, by which it may be converted into money, are in clear conformity with the statute. Land is not in the hands or subject to the control of, executors or administrators qua executors or administrators. By the provision of the statute, it is the money arising from the sale of the real estate of the decedent, received by the executor or administrator, which shall be considered as assets in his hands for the payment of debts. Act 18th February, 1799, section 23 (Elm. Dig. 490). Under our statute, to make them responsible at law to the creditors for the value of the real estate, it must first be sold and the money therefor received, and then, and then only, can it be considered as assets."
In Haston v. Castner, 31 N.J. Eq. 697; Westervelt v.Voorhis, 42 N.J. Eq. 179, 180; Brown v. Wencher, 94 N.J. Eq. 710,
and Axt v. 61 Lincoln Park, Inc., 108 N.J. Eq. 459, it is held that under this act creditors have a lien on the real estate. Perhaps in view of Den v. Hunt, 11 N.J. Law 1, a more accurate statement would have been that in the circumstances stated in these cases creditors had rights in the general nature of liens which justified the equitable relief there sought; but even a technical lien does not ordinarily deny to an owner the revenues of the property. In this connection the case of Gibson
v. Farley, 16 Mass. 280, is convincing. There, as here, the real estate of the decedent is by statute pledged for the payment of debts, and the precise situation here presented arose in that case. The claim of the defendant was that inasmuch as the real estate of persons deceased were subjected by law to payment of their debts and as the rents follow the land, the legislature intended that creditors should have the incident as well as the principal. In disposing of that contention the court there says:
"That [the land] descends by law to the heirs, and they accordingly may enter immediately. They take the estate *Page 348 
pledged indeed for the payment of debts. If it should be wanted for that purpose, a mode is prescribed by the statute whereby the executor or administrator may be authorized to make sale of it. But until such authority is obtained, the right to possess the real estate is in the heirs."
The court then considers the situation as analogous to an estate mortgaged or an attachment lien, in each of which cases the right to the rents remains in the owner until, in the former case, an entry by the mortgagee, and in the latter until judgment and execution should be obtained in the attachment suit. See, also, to same effect, Towle v. Swasey, 106 Mass. 100 (at p.107). In several states statutes specifically make rents of real estate accruing after the death of the owner assets in the hands of the personal representative for the payment of debts. In some states an executor or administrator is by statute required to receive all the rents of real estate until final settlement of an estate. But no authority has been brought to my attention in which an act similar to that in this state has been held operative to make rents accruing prior to the sale for payment of debts assets subject to administration. A list of the states in which controlling statutes exist will be found in 23 C.J. (atp. 1141).
The motion filed herein to strike out the several affirmative defenses set forth in defendant's answer will be allowed; but with leave to defendant to amend the second defense, if so advised. That defense seeks to invoke an estoppel arising from conduct of complainant. It is clearly inadequate in its present form, since it is not specific as to the facts touching which an estoppel might arise, either as to the acts of complainant or the consequent injury of defendant in reliance upon such acts. The order may require defendant to further plead, if it so elects, within ten days from the service of the order. *Page 349