In the Matter of the Claim of ELIZABETH G. PIERSON, Petitioner, for a Certiorari Order against THOMAS M. LYNCH and Others, as Commissioners Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, March 15, 1933.

*Alexander & Green* [*Charles W. Pierson* of counsel], for the petitioner.

*John J. Bennett, Jr.,* Attorney-General [*Joseph M. Mesnig,* Assistant Attorney-General, of counsel], for the respondents.

HILL, P. J.   Petitioner is a resident of the State of New York and the owner of real property in Cincinnati, Ohio. The State Tax Commission has determined that a rental of $2,223.72 received from the real property in 1928, and $1,584.31 profit upon the sale of a portion thereof in that year, should be included as a part of petitioner's income for the purpose of computing her income tax in this State. The determination is reviewed by certiorari.

"An annual tax upon the annual value or annual user of real estate appears to us the same in substance as an annual tax on

the real estate, which would be paid out of the rent or income." (*Pollock* v. *Farmers' Loan & Trust Co.*, 157 U. S. 429, 581.) "In this court the presently approved doctrine is that no State may tax anything not within her jurisdiction without violating the Fourteenth Amendment. *State Tax on Foreign-Held Bonds*, 15 Wall. 300; *Union Refrig. Transit Co.* v. *Kentucky*, 199 U. S. 194; *Safe Deposit & Trust Co.* v. *Virginia*, 280 U. S. 83." (*Farmers' Loan & Trust Co.* v. *Minnesota*, 280 U. S. 204, 210.) "Taxation at the place of domicile of tangibles located elsewhere has been thought to be beyond the jurisdiction of the State." (*Lawrence* v. *State Tax Commission*, 286 U. S. 276, 280.) The same opinion (p. 281) also speaks of "the rule now established that tangibles located outside the State of the owner are not subject to taxation within it." "Tangible personal property permanently located beyond the owner's domicile may not be taxed at the latter place." (*Safe Deposit & Trust Co.* v. *Virginia*, 280 U. S. 83, 93.) Analogy between tangible personal property with a fixed situs and real property would sustain the application of the same rule as to each. The rental income from this real property located in Ohio may not be included by the State of New York as a part of petitioner's income for the purposes of the income tax.

A different question is presented as to the item representing a profit upon the sale of a part of the real estate located in Ohio. "The tax upon profits made upon purchases and sales is an excise upon the result of the combination of several factors, including capital investment and, quite generally, some measure of sagacity; the gain may be regarded as ' the creation of capital, industry and skill.' " (*Willcuts* v. *Bunn*, 282 U. S. 216, 228.)

The income tax of the petitioner should be fixed by deducting from the income the sum of $2,223.72, the amount received as rentals from the real property in Ohio.

The determination of the State Tax Commission should be annulled and the proceedings remitted to it, with the direction to fix the income tax in accordance with this opinion.

All concur, except RHODES and BLISS, JJ., who dissent and vote to confirm.

Determination annulled and matter remitted, with fifty dollars costs and disbursements, with direction to fix the income tax in accordance with the opinion.