THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANNIE COHN, Relator, *v.* MARK GRAVES and Others, as Commissioners Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, March 5, 1936.

*Cohn & Cohn* [*Maurice Cohn* of counsel], for the relator.

*John J. Bennett, Jr., Attorney-General* [*Joseph M. Mesnig, Assistant Attorney-General,* of counsel], for the respondents.

HILL, P. J.   The State Tax Commission has assessed an income tax against the relator, a resident of New York State, on account of rentals and income which she received from real property situate in New Jersey.   A petition for a refund made as prescribed in the Tax Law has been denied by the Commission.   That determination comes before our court for review under a writ of certiorari.   The identical question now presented has been decided in this court, and adversely to the Commission's .determination. (*Matter of Pierson* v. *Lynch,* 237 App. Div. 763; affd. without opinion, 263 N. Y. 533; writ of certiorari dismissed as improvidently granted, 293 U. S. 52.)

The fact that the statute which authorized the tax (Tax Law, § 359) has been amended since the decision in the *Pierson* case is without significance, as we decided that case solely upon the ground that under the Fourteenth Amendment to the Federal Constitution it was not within the power of a State, irrespective of the wording of the statute, to tax a resident of the State on account of rentals or income received from land located beyond its borders. The 1935 amendment (Laws of 1935, chap. 933) only makes more definite and certain the meaning which we gave section 359 in deciding the *Pierson* case, and does not detract from the force of that authority.

Further citation of authority may be cumulative, as the *Pierson* case is a direct authority, decided first in this court and unanimously affirmed without opinion in the Court of Appeals. However, as the Supreme Court of the United States in a later case has reapplied the law as it had been settled earlier, and as it was applied in the *Pierson* case, a brief examination of the more recent case (*Senior* v. *Braden*, 295 U. S. 422) may be proper. There " The Ohio General Code provided that all investments and other intangible property of persons residing within the State should be subject to taxation " (p. 427). " Appellant owned transferable certificates showing that he was beneficiary under seven separate declarations of trust, and entitled to stated portions of rents derived from specified parcels of land — some within Ohio, some without " (p. 428). The taxing officials threatened to assess the income which the appellant received upon these declarations of trust. He instituted a suit to restrain the collection of the tax upon the ground that the Ohio statute was unconstitutional under the Fourteenth Amendment. The opinion states: " With commendable frankness counsel admit that under the Fourteenth Amendment the State has ' no power to tax land or interests in land situate beyond its borders;' * * *. Consequently, they say, ' if the property of appellant, which the appellees seek to tax in this case, is land or interest in land situate * * * without the State, their action is unconstitutional and should be permanently enjoined.' "

In the *Senior* case there were three parcels of land outside Ohio to which separate declarations of trust applied. The attorney for the Ohio taxing officials recognized, as it was recognized by us in the *Pierson* case, that the law was settled, and conceded, *inter alia*, that the State had no power to tax land or interests in land situate beyond its borders. The court applied that rule. The opinion quite largely dealt with the subject of whether the land trust certificates were interests in land. It was determined that they

were, and the court restrained the enforcement of the tax upon the ground that the State had no power to tax land or interest in land situate beyond its borders, and that a tax upon the income from land was tantamount to a tax upon the land.

The determination should be annulled, with fifty dollars costs and disbursements.

CRAPSER, BLISS and HEFFERNAN, JJ., concur; RHODES, J., dissents and votes to confirm.

Determination annulled, with fifty dollars costs and disbursements.