THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANNIE COHN, Respondent, against MARK GRAVES et al., Constituting the State Tax Commission, Appellants.

(Argued May 20, 1936; decided July 8, 1936.)

*John J. Bennett, Jr., Attorney-General (Joseph M. Mesnig* of counsel), for appellants.

*Maurice Cohn* for respondent.

CRANE, Ch. J.   Rents from real property located in New Jersey, as well as interest from mortgages on similar property is, in my opinion, taxable income when received by a resident of this State.   The tax upon such income is not a tax on the New Jersey real estate.   The *Pollock* case (*Pollock* v. *Farmers' Loan & Trust Co.*, 157 U. S. 429) has not decided otherwise and should not be pushed to cover this point.   Many cases have gone through the courts since that decision explaining and clarifying its limitations.   What may be a " direct " tax under the Federal Constitution may be income (as it really is) for other purposes.

The order of the Appellate Division should be reversed and the determination of the State Tax Commission affirmed, with costs in this court and in the Appellate Division. A question under the Federal Constitution was presented and necessarily passed upon by this court, viz.: Is section 359 of the Tax Law of the State of New York, as amended by chapter 933, Laws of 1935, in so far as it imposes an income tax upon rents received by a resident of this State from real property located in a foreign State repugnant to, and violative of any provision of the Constitution of the United States. This court held the sections of said Tax Law herein involved to be a valid exercise of legislative power.

HUBBS, J. (dissenting). The relator, Annie Cohn, during the years 1931 and 1932, while a resident of this State, received, as the beneficiary of a life estate created by the will of her deceased husband, certain income, part of which was derived from rents from real estate located in the State of New Jersey and part from interest on bonds and mortgages upon real property located in that State. There were three executors of the will, two of whom resided in New Jersey and relator who resided in this State. The executors qualified in the State of New Jersey. Since 1913 they have been functioning in that State and the office of the estate is and always has been in the city of Paterson, where the securities are kept in a bank. The executors have managed the estate property, collected rents and income from bonds and mortgages, and made repairs to the real property.

The relator filed a State income tax return showing income received from the estate, consisting of rents from certain specified real properties located in New Jersey and interest on mortgages covering real property in that State. She paid an income tax on such income. Thereafter she made application for refund of the taxes paid, as erroneously paid or illegally collected, her contention being that this State was without power to tax either the rental income derived from real property located

without the State or the income from bonds and mortgages upon real property located without the State, where the situs of such intangibles was likewise without the State. In making the application for refund, the appellant relied upon *Matter of Pierson* v. *Lynch* (237 App. Div. 763; affd., 263 N. Y. 533). The appeal in that case was dismissed by the United States Supreme Court.

The Legislature amended the Tax Law (Cons. Laws, ch. 60) by chapter 933 of the Laws of 1935, and provided that the rental income derived by a resident of New York State from real property located without the State constituted taxable income. The law was made retroactive to January 1, 1919.

The relator's claims for refund were denied. This proceeding was thereupon instituted. The Appellate Division decided that the identical question presented had been decided in *Matter of Pierson* v. *Lynch* (*supra*); that the fact that the statute which authorized the tax, section 359 of the Tax Law, has been amended since the decision in the *Pierson* case is without significance as that case was decided solely upon the ground that under the Fourteenth Amendment to the Federal Constitution it was not within the power of a State to tax a resident of the State on account of rentals or income received from land located beyond its borders. Reference was also made to the determination of the Supreme Court of the United States in *Senior* v. *Braden* (295 U. S. 422).

Upon this appeal the State Tax Commission contends, despite the determination of this court in the *Pierson* case and despite the decision of the United States Supreme Court in *Pollock* v. *Farmers' Loan & Trust Co.* (157 U. S. 429), which latter case held in effect that a tax upon the income from real property was the same in substance as a tax on the real property, that the rents and mortgage interest derived from real property located without the State received by a resident of this State are properly subject to the New York personal income tax law.

It would be impossible, without squarely receding from the position taken in the *Pierson* case, to hold that income represented by rentals from real property located in another State may be included as part of the owner's income for the purpose of computing the owner's income tax in this State. We believe that case was correctly decided. The only difference in the facts of the two cases is that in the *Pierson* case title to the real property appears to have been in the recipient of the income in her individual name, whereas in the present case the recipient of the income had only a life interest in the property. This slight difference in the facts of the two cases is not urged as a ground for the application of a different rule and, of course, could not be urged as such a ground, since the question involved is based upon the broad ground of whether the income tax is such a tax as may not be imposed by one State upon real property and tangible personal property located in another. The argument of the Tax Commission is, in substance, that the decision in *Matter of Pierson* v. *Lynch* (*supra*) was based upon the decision of the Supreme Court of the United States in the *Pollock* case and that, as a matter of fact, the decision in the *Pollock* case has no bearing upon the point at issue here. The tax involved in the *Pollock* case was an annual tax levied by the Congress of the United States on the income of persons and corporations. It was decided that a tax on the rents or income of real estate is a direct tax within the meaning of the Constitution of the United States which, by the third clause of section 2, article I, requires that direct taxes shall be apportioned among the several States, and that since the income tax law under consideration did not provide apportionment of the tax collected and the tax was a direct tax, the act was in violation of the United States Constitution and to the extent that it levied a tax on the rents or income of real estate was invalid. The determination in the *Pollock* case has been repeatedly stated to have amounted to a holding upon

the constitutional meaning of the word " direct "— that is, that a tax on income from real property amounts in effect to a direct tax upon the property. (*Knowlton* v. *Moore*, 178 U. S. 41; *Flint* v. *Stone Tracy Co.*, 220 U. S. 107; *McCoach* v. *Minehill Ry. Co.*, 228 U. S. 295.)

In the *Pollock* case the question involved was as to the validity of the act of Congress as construed in the light of the Federal Constitution, whereas in the instant case we are concerned with the effect of a tax imposed by the State in view of the provision of the Federal Constitution. There seems to be nothing in the late decisions of the United States Supreme Court which detracts from the effect of its decision in the *Pollock* case that a tax upon the income from real property is a direct tax and equivalent to a tax upon the property itself.

In *Senior* v. *Braden* (*supra*) the State of Ohio taxed transferable certificates under declarations of trust entitling the holders to a portion of rents from specific parcels of real estate, some within the State of Ohio, some in other States. It was conceded that under the Fourteenth Amendment the State had no power to tax land or interests in land beyond its borders, and that if the certificates constituted interests in land, the tax would be unconstitutional and void. It was decided that a tax in Ohio on the certificates was void. It appeared that each parcel of land covered by the certificates was taxed in the State where located. In each the trustee held and managed the property for the use and benefit of the certificate holders and distributed the rents and proceeds of sales. Each certificate holder was said to hold a beneficial interest in the trust of each parcel, and the trustee was free from the control of the certificate holders. The State contended that the interest of a certificate holder was a species of intangible personal property entitling the holder to a *pro rata* distribution of income and proceeds of sales; that the certificate was the evidence of the holder's interest in land, legal title of which the

trustee held. The court held the certificate holders had interests in and to the property which were more than a bare right and much more than a chose in action, citing and quoting from *Brown* v. *Fletcher* (235 U. S. 589). The dissenting opinion of Mr. Justice STONE indicates that he understood the prevailing opinion to hold that a State could not tax the income from real property located in another State. The court decided that the same rule applied under the State statute as under the United States statute, thereby extending the rule of the *Pollock* case and making it applicable under a State statute. Although that case did not involve an income tax statute, it did involve a tax upon the investments measured by the income.

As land in another State cannot be taxed against the owner in this State, and a tax upon the income from real property is a tax upon the real property itself, it follows that the tax assessed in the case at bar on the rents received was illegal. It was also illegal as constituting double taxation for the reasons hereinafter stated.

There remains the question as to whether the income from bonds and mortgages is likewise entitled to be exempted from the application of the State income tax. In considering that question, it is to be borne in mind that the property upon which the mortgages exist is wholly without the State of New York, and, further, that the evidences of the indebtedness, that is, the bonds and mortgages, are likewise without the State. Furthermore, they are a part of an estate administered by the executors in a measure as a business in the State of New Jersey. The income results from the investment of funds of the estate, the supervision of those investments, and the activity of the executors in collecting the income. The court below seems to have treated the income from mortgages on the real property under the same category as rentals. That type of income was not involved in *Matter of Pierson* v. *Lynch* (*supra*). Mortgage interest is

not compensation for the use of real property but rather compensation for the use of money. That is, it constitutes compensation for a loan of money or forbearance on an indebtedness. The debt is not tangible and the mortgage upon the real property is only collateral security for the intangible. If it were necessary to construe the decision in this case as a determination that a tax upon mortgage interest is a direct tax on the land, there would be difficulty in sustaining the decision in so far as that type of income is concerned. However, the courts have gone much further and have held that where intangible as well as tangible property has acquired a business situs in another State, taxation thereof by the State other than the State in which it had acquired a business situs would violate the due process clause of the Fourteenth Amendment of the United States Constitution and constitute double taxation. In *New Orleans* v. *Stempel* (175 U. S. 309) the defendant in error, domiciled in New York, was the owner of credits evidenced by notes largely secured by mortgages on real property in New Orleans. The notes and mortgages were in the city of New Orleans in the possession of an agent of the defendant in error. The agent collected the interest and principal as it became due and deposited the same in a bank in New Orleans. The question involved in that case was as to whether the property in the hands of the agent was subject to taxation in New Orleans. It was held that such taxation did not infringe any rights secured by the Federal Constitution. It was said that when an indebtedness has taken a concrete form and become evidenced by note, bill, mortgage or other written instrument, and the written instrument evidencing the indebtedness is left within the State in the hands of an agent of the nonresident owner to be by the agent used for the collection and deposit or reinvestment within the State, its taxable situs is in the State. (*DeGanay* v. *Lederer*, 250 U. S. 376.)

It seems to be quite clear that property, consisting of bonds, mortgages and similar evidences of indebtedness,

362

is taxable in the State where they are physically located if they are there, as in this case, for the purpose of collection of principal and interest and for management by an agent within the State. For the purposes of taxation, the intangible debt, when represented by something of a concrete nature such as a bond or mortgage, becomes in the nature of a tangible item of property at the business situs. (*DeGanay* v. *Lederer, supra; Hill* v. *Carter*, 47 Fed. Rep. [2d] 869; *Opinion of the Justices*, 84 N. H. 559; *Harrison* v. *Commissioner of Corporations & Taxation*, 272 Mass. 422.)

The same principle applies to tangible personal property. (*Union Refrigerator Transit Co.* v. *Kentucky*, 199 U. S. 194; *Frick* v. *Pennsylvania*, 268 U. S. 473. See, also, *Senior* v. *Braden, supra*.)

*Maguire* v. *Trefry* (253 U. S. 12) was at one time direct authority for holding that the income from the bonds and mortgages on real property situate in New Jersey is taxable in this State. The United States Supreme Court has, however, departed from the rule stated in that case. (*Farmers Loan & Trust Co.* v. *Minnesota*, 280 U. S. 204.)

In *Senior* v. *Braden* (*supra*, p. 432) the court said that the views expressed in the *Maguire* case " are not in harmony with *Safe Deposit & Trust Co.* v. *Virginia*, 280 U. S. 83, and views now accepted here in respect of double taxation."

If the decision in the *Maguire* case is in conflict with the present views of the United States Supreme Court, it necessarily follows that under the decision of that court, the income from the New Jersey bonds and mortgages is not subject to the payment of an income tax in this State. In the case of *Union R. T. Co.* v. *Kentucky* (*supra*) it was definitely decided that a State could not tax tangible property permanently situated outside of the State or domicile of the owner and used there in the owner's business. Later the court extended the

principle to intangibles in order to eliminate unjust double taxation, stating in effect that it is no more possible for an intangible to have a legal status in two places at the same time than it was possible for a tangible to be in two places at the same time. (*First Nat. Bank* v. *Maine*, 284 U. S. 312; *Baldwin* v. *Missouri*, 281 U. S. 586; *Safe Deposit & Trust Co.* v. *Virginia*, 280 U. S. 83.)

While there has been a sharp conflict among the members of the United States Supreme Court on the subject, and its earlier decisions are, in certain instances, in conflict with its later decisions, still we understand the late decisions to mean that double taxation is illegal and that the income from securities which have a taxable situs in one State cannot be legally taxed in another State. The decisions of that court are binding upon us on the questions here involved and should be strictly followed.

As the property from which the relator's income was derived had a business situs in New Jersey and was taxable there, the income therefrom cannot be taxed in this State. The order of the Appellate Division should be affirmed, with costs.

LEHMAN, CROUCH and FINCH, JJ., concur with CRANE, Ch. J.; HUBBS, J., dissents in opinion, in which O'BRIEN and LOUGHRAN, JJ., concur.

Ordered accordingly.