NEW YORK ex rel. COHN v. GRAVES et al.

No. 404.   Argued February 3, 1937.—Decided March 1, 1937.

*Mr. Maurice Cohn,* with whom *Messrs. David Cohn, Daniel J. Kenefick, Randolph E. Paul,* and *Watson Washburn* were on the brief, for appellant.

Mr. *Joseph M. Mesnig,* Assistant Attorney General of New York, with whom Mr. *John J. Bennett, Jr.,* Attorney General, and Mr. *Henry Epstein,* Solicitor General, were on the brief, for appellees.

By leave of Court, Messrs. *Edgar M. Leventritt, Wm. R. Green, Jr., J. Mark Jacobson,* and *Frank Alland* filed a brief on behalf of the J. M. Joseph Trust, as *amicus curiae,* urging reversal of the judgment below.

MR. JUSTICE STONE delivered the opinion of the Court.

This case presents the question whether a state may constitutionally tax a resident upon income received from rents of land located without the state and from interest on bonds physically without the state and secured by mortgages upon lands similarly situated.

Section 351 of Article 16 of the New York Tax Law (N. Y. Laws 1919, c. 627), imposes a tax upon the "entire net income" of residents of the state. By § 359 gross income is defined as including interest and rent. The same section, as amended by N. Y. Laws 1935, c. 933, enumerates among the items of taxable income "rent (including rent derived from real property situated outside the state) . . . it being intended to include all the foregoing items without regard to the source thereof, location of the property involved, or any other factor except only a case where the inclusion thereof would be violative of constitutional restrictions."

Appellant, a resident of New York, brought the present *certiorari* proceeding in the courts of New York to review a determination of the State Tax Commission, appellees, denying her application for a refund of state income taxes assessed and paid for the years 1931 and 1932, so far as the taxes were attributable to rents received by appellant from New Jersey land, and interest paid on bonds secured by mortgaged real estate in New Jersey, where the bonds and mortgages were physically located. A ground for recovery of the tax assigned by appellant's petition was that the tax was in substance and effect a tax on real estate and tangible property located without the state, in violation of the Fourteenth Amendment of the Constitution of the United States. Judgment for appellant (see 246 App. Div. 335; 286 N. Y. S. 485), was reversed by the New York Court of Appeals, 271 N. Y. 353; 3 N. E. (2d) 508. The case comes here on appeal under § 237 (a) of the Judicial Code.

The stipulation of facts on which the case was tried in the state court does not indicate that appellant's income has been taxed by New Jersey, and it does not define the precise nature of her interest in the properties producing the income. It sets out that appellant's husband died testate, his will duly probated in New

Jersey "devising and bequeathing to said taxpayer the entire net income from his estate for and during her widowhood," and that the taxed income included "rents from testator's real estate" and "interest from testator's real estate mortgages," all located in New Jersey. The terms of the will and the status of the estate during the tax years do not otherwise appear. There is nothing to show that the income-producing properties were in those years held upon an active trust, or that appellant did not receive the income as life tenant of the legal interest. See *Paletz* v. *Camden Safe Deposit & Trust Co.,* 109 N. J. Eq. 344; 157 Atl. 456; cf. *Passman* v. *Guarantee Trust & Safe Deposit Co.,* 57 N. J. Eq. 273; 41 Atl. 953; *Westfield Trust Co.* v. *Beekman,* 97 N. J. Eq. 140; 128 Atl. 791. Any uncertainty arising from the ambiguity of the stipulation, if it has any present significance, is put at rest by the concession of appellant in brief, and in open court on the argument, that she is the owner of a life estate or interest in the properties, and that she received, as a part of her income in the tax years, the rents and interest which have been collected by the executors acting, not in their capacity as executors, but as her agents for an annual compensation.

In any case we may assume, for present purposes, that New York may not levy a property tax upon appellant's interest, whether it be legal or equitable, see *Senior* v. *Braden,* 295 U. S. 422; *Safe Deposit & Trust Co.* v. *Virginia,* 280 U. S. 83. We accordingly limit our review to the question considered and decided by the state court, whether there is anything in the Fourteenth Amendment which precludes the State of New York from taxing the income merely because it is derived from sources, which, to the extent indicated, are located outside the State.

*Income from rents.* That the receipt of income by a resident of the territory of a taxing sovereignty is a

taxable event is universally recognized. Domicil itself affords a basis for such taxation. Enjoyment of the privileges of residence in the state and the attendant right to invoke the protection of its laws are inseparable from responsibility for sharing the costs of government. "Taxes are what we pay for civilized society . . . " See *Compañia General de Tabacos* v. *Collector*, 275 U. S. 87, 100. A tax measured by the net income of residents is an equitable method of distributing the burdens of government among those who are privileged to enjoy its benefits. The tax, which is apportioned to the ability of the taxpayer to pay it, is founded upon the protection afforded by the state to the recipient of the income in his person, in his right to receive the income and in his enjoyment of it when received. These are rights and privileges which attach to domicil within the state. To them and to the equitable distribution of the tax burden, the economic advantage realized by the receipt of income and represented by the power to control it, bears a direct relationship. See *Lawrence* v. *State Tax Comm'n*, 286 U. S. 276; *Maguire* v. *Trefry*, 253 U. S. 12, 14; *Virginia* v. *Imperial Coal Sales Co.*, 293 U. S. 15, 19; compare *Shaffer* v. *Carter*, 252 U. S. 37, 50.

Neither the privilege nor the burden is affected by the character of the source from which the income is derived. For that reason income is not necessarily clothed with the tax immunity enjoyed by its source. A state may tax its residents upon net income from a business whose physical assets, located wholly without the state, are beyond its taxing power, *Lawrence* v. *State Tax Comm'n, supra;* see *Schaffer* v. *Carter, supra,* at 50. It may tax net income from bonds held in trust and administered in another state, *Maguire* v. *Trefry, supra,* although the taxpayer's equitable interest may not be subjected to the tax, *Safe Deposit & Trust Co.* v. *Virginia, supra.* It may tax net income from operations in interstate commerce,

although a tax on the commerce is forbidden, *United States Glue Co.* v. *Oak Creek,* 247 U. S. 321; *Shaffer* v. *Carter, supra.* Congress may lay a tax on net income derived from the business of exporting merchandise in foreign commerce, although a tax upon articles exported is prohibited by constitutional provision (Art. I, § 9, Cl. 5). *Peck & Co.* v. *Lowe,* 247 U. S. 165; *Barclay & Co.* v. *Edwards,* 267 U. S. 442, 447.

Neither analysis of the two types of taxes, nor consideration of the bases upon which the power to impose, them rests, supports the contention that a tax on income is a tax on the land which produces it. The incidence of a tax on income differs from that of a tax on property. Neither tax is dependent upon the possession by the taxpayer of the subject of the other. His income may be taxed, although he owns no property, and his property may be taxed although it produces no income. The two taxes are measured by different standards, the one by the amount of income received over a period of time, the other by the value of the property at a particular date. Income is taxed but once; the same property may be taxed recurrently. The tax on each is predicated upon different governmental benefits; the protection offered to the property in one state does not extend to the receipt and enjoyment of income from it in another.

It would be pressing the protection which the due process clause throws around the taxpayer too far to say that because a state is prohibited from taxing land which it neither protects nor controls, it is likewise prohibited from taxing the receipt and command of income from the land by its resident, who is subject to its control and enjoys the benefits of its laws. The imposition of these different taxes, by the same or different states, upon these distinct and separable taxable interests, is not subject to the objection of double taxation, which has been successfully urged in those cases where two or more states have

laid the same tax upon the same property interest in intangibles or upon its transfer at death. *Safe Deposit & Trust Co.* v. *Virginia, supra; Farmers Loan & Trust Co.* v. *Minnesota,* 280 U. S. 204; *Baldwin* v. *Missouri,* 281 U. S. 586; *Beidler* v. *South Carolina Tax Comm'n,* 282 U. S. 1; *First National Bank* v. *Maine,* 284 U. S. 312. These considerations lead to the conclusion that income derived from real estate may be taxed to the recipient at the place of his domicil, irrespective of the location of the land, and that the state court rightly upheld the tax.

Nothing which was said or decided in *Pollock* v. *Farmers Loan & Trust Co.,* 157 U. S. 429, calls for a different conclusion. There the question for decision was whether a federal tax on income derived from rents of land is a direct tax requiring apportionment under Art. I, § 2, Cl. 3 of the Constitution. In holding that the tax was "direct," the Court did not rest its decision upon the ground that the tax was a tax on the land, or that it was subject to every limitation which the Constitution imposes on property taxes. It determined only that for purposes of apportionment there were similarities in the operation of the two kinds of tax which made it appropriate to classify both as direct, and within the constitutional command. See *Pollock* v. *Farmers Loan & Trust Co., supra,* pp. 580, 581; *Brushaber* v. *Union Pacific R. Co.,* 240 U. S. 1, 16. And in *Union Transit Refrigerator Co.* v. *Kentucky,* 199 U. S. 194, 204, decided ten years after the *Pollock* case, the present question was thought not to be foreclosed.

It is by a parity of reasoning that the immunity of income-producing instrumentalities of one government, state or national, from taxation by the other, has been extended to the income. It was thought that the tax, whether on the instrumentality or on the income produced by it, would equally burden the operations of government. See *Collector* v. *Day,* 11 Wall. 113, 124; *Pollock*

v. *Farmers Loan & Trust Co., supra,* 583; *Gillespie* v. *Oklahoma,* 257 U. S. 501. But as we have seen, it does not follow that a tax on land and a tax on income derived from it are identical in their incidence or rest upon the same basis of taxing power, which are controlling factors in determining whether either tax infringes due process.

In *Senior* v. *Braden, supra,* on which appellant relies, no question of the taxation of income was involved. By concession of counsel, on which the Court rested its opinion, if the interest taxed was "land or an interest in land situate within or without the state," the tax was invalid, and the Court held that the interest represented by the certificates subjected to the tax was an equitable interest in the land. Here the subject of the tax is the receipt of income by a resident of the taxing state, and is within its taxing power, even though derived from property beyond its reach.

*Income from bonds secured by New Jersey mortgages.* What has been said of the power to tax income from land without the state is decisive of the objection to the taxation of the income from interest on bonds because they are secured by mortgages on land without the state, compare *Kirtland* v. *Hotchkiss,* 100 U. S. 491. Appellant also argues that the interest from the bonds is immune from taxation by New York because they have acquired a business situs in New Jersey within the doctrine of *New Orleans* v. *Stempel,* 175 U. S. 309; *Metropolitan Life Ins. Co.* v. *New Orleans,* 205 U. S. 395; *Wheeling Steel Corp.* v. *Fox,* 298 U. S. 193. This contention, if pertinent to the present case, is not supported by the record. The stipulation of facts discloses only that the bonds and mortgages were located in New Jersey. See *Baldwin* v. *Missouri, supra; Blodgett* v. *Silberman,* 277 U. S. 1, 14, 15. The burden rested on the taxpayer to present further facts which would establish a "business situs." *Beidler* v. *South Carolina Tax Comm'n,* 282 U. S. 1, 8.

*Retroactive application of the tax.* Appellant insists that in upholding the tax upon her income for 1931 and 1932 the state court infringed due process by giving retroactive effect to the 1935 amendment of § 359 of the New York Tax Law, which specifically declared that rents, embraced in taxable income by the section before amendment, should include rent from real property without the state. In support of this contention appellant points to the decision in *People ex rel. Pierson* v. *Lynch,* 266 N. Y. 431; 195 N. E. 141, affirming 237 App. Div. 763; 263 N. Y. S. 259, that rents from land outside the state were not taxed by that section before its amendment, and to the dismissal by this Court of the writ of *certiorari* to review the judgment for want of a properly presented federal question. 293 U. S. 52.

It is unnecessary for us to determine whether, or to what extent, the state court, in sustaining the tax in this case, rested its decision on the amendment of 1935, or whether it regarded it as anything more than a clarifying act pointing out the meaning properly attributable to the section before amendment. The record does not disclose that appellant raised in the state court the objection, which she presses here, to the retroactive application of the statute. In reviewing the judgment of a state court, this Court will not pass upon any federal question not shown by the record to have been raised in the state court or considered there, whether it be one arising under a different or the same clause in the Constitution with respect to which other questions are properly presented. *Bolln* v. *Nebraska,* 176 U. S. 83; *New York* v. *Kleinert,* 268 U. S. 646; *Saltonstall* v. *Saltonstall,* 276 U. S. 260.

*Affirmed.*

Mr. Justice Butler, dissenting.

The tax is on income. I am of opinion that the rents received by appellant for the use of real estate in New Jersey may not be included in her taxable income. By

our decisions it is established that a tax on income received for the use of land is in legal effect a tax upon the land itself. *Pollock* v. *Farmers' Loan & Trust Co.*, 157 U. S. 429, 580–581; 158 U. S. 601, 627–628, 637. *Thomas* v. *Gay*, 169 U. S. 264, 274. *Knowlton* v. *Moore*, 178 U. S. 41, 80–82. *McCoach* v. *Minehill & S. H. R. Co.*, 228 U. S. 295, 306. *Stratton's Independence* v. *Howbert*, 231 U. S. 399, 414. *Brushaber* v. *Union Pacific R. Co.*, 240 U. S. 1, 16. *Eisner* v. *Macomber*, 252 U. S. 189, 205. *Evans* v. *Gore*, 253 U. S. 245, 260. *Gillespie* v. *Oklahoma*, 257 U. S. 501, 505. *Lake Superior Iron Mines* v. *Lord*, 271 U. S. 577, 581–582. *Senior* v. *Braden*, 295 U. S. 422, 427, 429, 431–432.

New Jersey, in addition to tax on the land measured by its value, may lay a tax upon the income received by the owner for its use. *Lake Superior Iron Mines* v. *Lord*, *ubi supra.*

Appellant's right to own, or to collect rents in New Jersey for the use of, lands in that State was not given and is not protected by New York law. Neither of these rights is enjoyed in New York or has any relation to appellant's privilege of residence in, or to the protection of, that State. Ability of taxpayers to pay may be taken into account for apportionment of the tax burdens that it is authorized to impose. But the financial means of those to be taxed cannot be made to generate for the State power to tax lands, or rents paid for use of lands, beyond its borders. I would exclude the item.

MR. JUSTICE McREYNOLDS concurs in this opinion.