### Third Department, January, 1939.
### (January 11, 1939.)

The People of the State of New York ex rel. Marion A. Burt Beck and Walter Beck, Relators, v. Mark Graves and Others, Constituting the State Tax Commission of the State of New York, Respondents.

Hill, P. J., Bliss and Heffernan, JJ., concur; McNamee, J., dissents, with an opinion in which Crapser, J., concurs.

McNamee, J. (dissenting). The assessment in this case covers income from real estate owned by relators in the State of Minnesota, and received by them while residents of New York, for the years 1930, 1931 and 1933. The taxes were paid under protest, and a refund is sought.

The assessment was levied under a statute enacted in 1935, amending section 359 of the Tax Law as it was passed in 1919. It has been held by this court and by the Court of Appeals that section 359, prior to 1935, did not permit the assessment of an income tax on income from real estate located in a foreign State. (*People ex rel. Pierson* v. *Lynch*, 237 App. Div. 763; affd., 263 N. Y. 533; certiorari dismissed, 293 U. S. 52.) These holdings preceded the 1935 amendment. They are still the law of this State.

The question then arose as to the power of the State to tax income from foreign real estate, under the amendment of 1935; and it was held that under this amendment a tax on income from real property located in a foreign jurisdiction was properly levied in this State. (*People ex rel. Cohn* v. *Graves*, 271 N. Y. 353, revg. 246 App. Div. 335; reversal affd., 300 U. S. 308.) Thus it is no longer an open question whether New York may tax income received in this State from foreign real estate, under the amendment of 1935. It can.

But the question presented here is not concerned with the *source* of income which may be received and taxed in New York, under the amendment of 1935. The question here is widely different, and is squarely raised by the relators. The determination which is under review in this proceeding holds that income for years prior to the enactment of the 1935 amendment, may be taxed under that amendment; and the relators insist that they may not be taxed for income received in 1931, under a statute passed in 1935. So it is the question of retroactivity of the 1935 amendment that is before us, and not the power of the State to tax income from foreign real estate.

It has been suggested that this case must be disposed of under the decision in the *Cohn* case (*supra*). But in the *Cohn* case the Court of Appeals in no way decided or even touched upon the question of retroactivity of the 1935 amendment, and for that reason the United States Supreme Court declined to pass on the question. Accordingly, at this time, it has not been determined whether or

not the 1935 amendment, in so far as it assumes to authorize a tax on 1931 income, is retroactive and void. It is an open question. And, of course, if the New York courts hold that statute invalid because retroactive, no Federal question can arise, as there will be no one to complain, except the State which is asserting the taxing power.

The Attorney-General makes the claim, without citing authority, that the 1935 amendment is a clarifying act only, and that the income in question was taxable at all times under the 1919 statute. But the Court of Appeals held otherwise in the *Pierson* case; and that decision still stands. And the State frankly admits in its brief that if the 1935 amendment were a *new imposition* of tax, it would be void, because, as suggested, it would be absurd to regard a taxing statute valid which assumed to go back sixteen years, and in this case six years.

A tax for a local improvement imposed three years after the betterment was regarded valid on the theory that a physical benefit was conferred directly on the taxpayer at the expense of the city, and that the payment was a mere *quid pro quo*. (*Seattle* v. *Kelleher*, 195 U. S. 351.) But an act of Congress authorizing a tax upon gifts, which assumed to go back ten days, was held unconstitutional. (*Untermyer* v. *Anderson*, 276 U. S. 440.) And so the removal of an exemption from transfer tax was invalid when passed three years later (*City Bank Farmers' Trust Co.* v. *N. Y. C. R. R. Co.*, 253 N. Y. 49, 59); and in like manner the imposition of a toll, for use of a canal, two years after the use had ceased, was void. (*Forbes Pioneer Boat Line* v. *Board of Commissioners*, 258 U. S. 338.) Under these cases it seems a reasonable conclusion that the 1935 amendment cannot be a legal basis for taxing incomes received in prior years.

The determination should be annulled.

Crapser, J., concurs.