

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

August 5, 1959

Honorable Robert S. Calvert     Opinion No. WW-680
Comptroller of Public Accounts
Capitol Station              Re:  Whether corpus of trust
Austin, Texas                    consisting of intangible
                                     property held in Louisi-
                                     ana by Louisiana trustee
                                     is subject to Texas in-
Dear Mr. Calvert:             heritance tax.

In connection with your request for an opinion on the above captioned matter you have supplied us with the following facts. Ida Mitchell Looney, hereafter referred to as Decedent, was a resident of Dallas County, Texas, both at the time of her death and at the time she executed an irrevocable trust agreement with Tulane University. Pursuant to the agreement, certain stocks and a check for $3000 were turned over to Tulane University which was to pay the income to the Decedent during her lifetime and upon the Decedent's death, to distribute said income to her cousin for life. Upon the death of the Decedent's cousin, Tulane agreed to use such income for the support of the Thomas Green Professorship of Education.

The agreement is clearly a taxable transfer under that portion of Article 7117, Vernon's Civil Statutes, which imposes a tax upon transfers made ". . .by deed, grant, sale or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor. . ." if the property is "within the jurisdiction of this State. . ." for inheritance tax purposes. The attorneys for the estate submit that since the property which passed at Decedent's death by virtue of the trust instrument was intangible personal property which had acquired a fixed business situs in Louisiana, it is not within the jurisdiction of this State for inheritance tax purposes.

In the following cases the Supreme Court of the United States limited the right to tax intangibles (reserving the question of a decision in the event such intangibles had acquired a business situs) to the decedent's domiciliary state. Farmer's Loan and Trust Co. v. Minnesota, 280 U.S. 204 (1930); Baldwin v. Missouri, 281 U.S. 585 (1930); Beidler v. South Carolina Tax Commission, 282 U.S. 1 (1930); First National Bank of Boston v. Maine, 284 U.S. 312 (1932). However, on May 29, 1939, the United States Supreme Court abandoned its single death tax theory and held that intangible property comprising a trust was

subject to tax both in the state of the deceased owner's domicile and in the state in which the trust was held by the trustee.  Curry v. McCanless, 307 U.S. 357; Graves v. Elliott, 307 U.S. 383.

In the Curry case, the decedent had reserved the right to dispose of all the trust property by will, and by will did make a disposition of it which differed from that provided in the trust instrument.  In the Graves case, the decedent's death extinguished a power of revocation which she had reserved in the trust.

In Russell v. Cogswell, 98 P.2d 179 (Kan.Sup., 1940), the Kansas Supreme Court took the view that the power of disposition reserved in the Curry case and the power of revocation reserved in the Graves case were the equivalent of ownership and properly identified with the decedent's domicile.  Since in the Russell case the transfer in trust was an irrevocable one created with a Missouri trustee eleven years before the decedent's death, the court held that while the transfer was one to take effect at death, the property of the trust had acquired a business situs in Missouri and that the State of Kansas was without jurisdiction to tax.  In order for the court to reach this result, it was necessary for it to distinguish Pearson v. McGraw, 308 U.S. 313 (1939).  In the Pearson case, the court held that an irrevocable trust in Illinois created in contemplation of death was taxable by the State of Oregon, the decedent's domicile.  At page 318, the court said:

"Accordingly, the transfer was taxable on the authority of Curry v. McCanless, supra, and related cases.  For constitutionally the property was 'within the jurisdiction of the state' of Oregon since that jurisdiction is dependent not on the physical location of the property in the state but on control over the owner."

The Kansas Supreme Court distinguished the Pearson case on the ground that in that case the intangibles constituting the trust corpus had never acquired a business situs in the state of Illinois.

We regard this distinction as insubstantial and specifically refuted by Central Hanover Bank & Trust Co. v. Kelly, 319 U.S. 94 (1943).  In the Central Hanover Bank & Trust Co. case, a resident of New Jersey made an irrevocable transfer in trust of certain securities which were at all times kept in New York and administered by the trustee.  The trustee was to pay the income to the grantor for his life, then to his wife for life if she survived him; if she predeceased him, the principal

was to go to his two sons, non-residents of New Jersey. It was held that a New Jersey inheritance tax upon the transfer, as one made in contemplation of death and intended to take effect in possession or enjoyment at or after death, did not violate the due process or equal protection clause of the 14th amendment. At pages 96 and 97, the court said:

> "It is much too late to contend that domicile alone is insufficient to give the domiciliary state the constitutional power to tax a transfer of intangibles where the owner, though domiciled within the state, keeps the paper evidences of the intangibles outside its boundaries. See Blackstone v. Miller, 188 U.S. 189; Blodgett v. Silberman, 277 U.S. 1; Curry v. McCanless, 307 U.S. 357, and cases cited. The command of the state over the owner, the obligations which domicile creates, the practical necessity of associating intangibles with the person of the owner at his domicile since they represent only rights which he may enforce against others--these are the foundation for the jurisdiction of the domiciliary state to tax. Curry v. McCanless, supra. We recently applied that principle to sustain, on facts very close to the present ones, Oregon's power to tax a transfer of intangibles held in Illinois by one domiciled in Oregon. Pearson v. McGraw, 308 U.S. 313. And see Van Dyke v. Tax Commission, 235 Wis. 128, 292 N.W. 313, aff'd 311 U.S. 605. The execution of the present trust agreement in New York, the circumstance that the remaindermen as well as the trustee were non-residents of the taxing state are quite immaterial. Domicile is the single controlling consideration in this situation, as it is in the case of the taxation of income derived from activities outside the state. Lawrence v. State Tax Commission, 286 U.S. 276, 279; New York ex rel. Cohn v. Graves, 300 U.S. 308"

The general rule is stated thus in 85 C.J.S., Taxation, Sec. 1115, pp. 852 and 853:

> "Where the settlor of a trust of intangible property retains such an interest in the property that there is a taxable transfer at the time of his death,. . .the state in which the settlor is domiciled at death may tax the transfer, although the trust was established in another state, the trustee and the securities are located in another state and the decedent was a resident of another

state at the time he created the trust, and although the transfer is validly taxed by another state."

You are therefore advised that the corpus of the trust under consideration is subject to an inheritance tax under Article 7117, V.C.S.

## SUMMARY

Intangible personal property transferred to a non-resident trustee by an irrevocable trust agreement under which the Texas trustor was to receive the income for life, said income being payable upon trustor's death to a third party for life with remainder over to Tulane University in trust is subject to Texas inheritance taxes.

Very truly yours,

WILL WILSON
Attorney General

By Marietta McGregor Payne
Marietta McGregor Payne

MMP:bct

APPROVED:

OPINION COMMITTEE:
Geo. P. Blackburn, Chairman

C. K. Richards
Milton J. Richardson
Z. J. Turlington

REVIEWED FOR THE ATTORNEY GENERAL:

By: Leonard Passmore