Opinion
 

 •FRIEDMAN, J.
 

 Plaintiffs challenge the constitutionality of section 18243 of the California Revenue and Taxation Code, which denies to non-Californians the option of income averaging in computing their California income tax. They charge that the denial violates the privileges and immunities clause of article IV, section 2 of the federal Constitution. (“The citizens of each State shall be entitled to all privileges and immunities of citizens in the several States.”)
 

 Plaintiffs were California residents for at least four years before moving to Nevada in September 1972. They filed resident state income
 
 *1001
 
 tax returns for the years 1969 through 1972. For the tax year 1973 plaintiffs filed a nonresident return covering income received from California sources. They sought a refund of $1,760.42, that amount being the saving available to them had they been permitted to average their 1973 California income. The Franchise Tax Board and the State Board of Equalization denied their claim. The trial court sustained the taxing agencies and plaintiffs appeal.
 

 Income averaging is described as an elective method of computing income tax by an individual who has an unusually large income in the current tax year (computation year) as compared with the four preceding years (the base period). (RIA Tax Coordinator, Par. G-8000 et seq; 33 Am.Jur.2d, Federal Taxation, | 2950, p. 652.) In general, the California version permits an eligible individual whose current year’s income exceeds his average, annual base-period income by more than one-third to elect to have the excess taxed at the lower rates applying to one-fifth of that amount. (Rev. & Tax. Code, §§ 18241-18242.) Eligibility for income averaging is restricted to taxpayers who were California residents during the five years comprising the current tax year and the base period. (Rev. & Tax. Code, § 18243.)
 

 These provisions were modeled after income averaging provisions of the federal income tax law. The latter denies eligibility to anyone who was a nonresident alien at any time during the five-year period. (26 U.S.C. § 1303 (a) and (b).)
 

 The privileges and immunities clause bars discrimination against citizens of other states where nonresidence is the only substantial reason for the differential; it does not preclude disparity of treatment where there are “valid, independent reasons” for it; the inquiry in each case is whether independent reasons actually exist and whether the degree of discrimination bears a close relation to them.
 
 (Toomer
 
 v.
 
 Witsell
 
 (1947) 334 U.S. 385, 396 [92 L.Ed. 1460, 1471, 68 S.Ct. 1157];
 
 Travis
 
 v.
 
 Yale & Towne Manufacturing Co.
 
 (1920) 252 U.S. 60, 78-81 [64 L.Ed. 460, 468-470, 40 S.Ct. 228];
 
 Addison
 
 v.
 
 Addison
 
 (1965) 62 Cal.2d 558, 569 [43 Cal.Rptr. 97, 399 P.2d 897, 14 A.L.R.3d 391].) A state tax law may accord differential treatment to nonresidents if it is directed at a reasonably fair distribution of burdens and does not intentionally discriminate.
 
 (Shaffer
 
 v.
 
 Carter
 
 (1920) 252 U.S. 37, 56-57 [64 L.Ed. 445, 458-459, 40 S.Ct. 221].) If, as in the “commuter tax” cases, the state law’s objective is taxation of nonresidents at a higher level than residents, it offends the principle of comity embedded in the privileges and immuni
 
 *1002
 
 ties clause.
 
 (Austin
 
 v.
 
 New Hampshire
 
 (1975) 420 U.S. 656, 666 [43 L.Ed.2d 530, 538, 95 S.Ct. 1191];
 
 Travis
 
 v.
 
 Yale & Towne Manufacturing Co., supra.)
 

 The appeal, then, turns on the existence of a valid independent reason for denying income averaging to nonresidents of California. The state has advanced several reasons, only one of which need be considered.
 

 Parity of treatment is the objective of the income averaging option. California’s graduated income tax law imposes rates increasing to 11 percent on ascending brackets of taxable income. (Rev. & Tax. Code, § 17041). The progression of brackets imposes a heavy burden on taxpayers who achieve an abnormally high income in a single year as compared with taxpayers of relatively stable income. Averaging is designed to bring taxpayers of widely fluctuating income into a position of approximate parity with those of relatively stable income. (H. R. Rep. No. 749, 88th Cong., 1st Sess. (1963) [1 U.S. Code Cong. & Admin. News, (1964) pp. 1418-1419].)
 

 A state may constitutionally tax the income of its residents wherever earned as well as the income of nonresidents derived from sources within the state.
 
 (N. Y.
 
 ex. rel.
 
 Cohn
 
 v.
 
 Graves
 
 (1937) 300 U.S. 308, 313 [81 L.Ed. 666, 670, 57 S.Ct. 466, 108 A.L.R. 721];
 
 Travis
 
 v. Yale
 
 & Towne Manufacturing Co., supra,
 
 252 U.S. at pp. 75-76 [64 L.Ed. at pp. 467-468];
 
 Shaffer
 
 v.
 
 Carter, supra,
 
 252 U.S. at pp. 52-53 [64 L.Ed. at pp. 456-457].) Although California residents and nonresidents are subject to the same graduated tax rates, the tax brackets applicable to the latter are determined only by income from sources within California. (Rev. & Tax. Code, § 17041.) The personal income tax law restricts the nonresident’s gross income to that derived from California sources. (Rev. & Tax. Code, § 17951.) Thus, California has chosen to ignore out-of-state income in finding a nonresident’s tax bracket. Unlike a resident, the nonresident receives the benefit of a tax bracket which is not proportioned to his total ability to pay. (See Hellerstein,
 
 Some Reflections on the State Taxation of a Nonresident’s Personal Income
 
 (1974) 72 Mich.L.Rev. 1309, 1337-1338.)
 

 California’s choice is not constitutionally compelled. “When the state levies taxes within its authority, property not in itself taxable by the state may be used as the measure of the tax imposed.”
 
 (Maxwell
 
 v.
 
 Bugbee
 
 (1919) 250 U.S. 525, 539 [63 L.Ed. 1124, 1131, 40 S.Ct. 2]; see
 
 *1003
 

 Great Atl. & Pac. Tea Co.
 
 v.
 
 Grosjean
 
 (1937) 301 U.S. 412, 424-425 [81 L.Ed. 1193, 1200, 57 S.Ct. 772, 112 A.L.R. 293]; Lowndes,
 
 Rate and Measure in Jurisdiction to Tax
 
 (1936) 49 Harv.L.Rev. 756; Hellerstein,
 
 op.cit.,
 
 72 Mich.L.Rev. at p. 1335, fn. 119.)
 

 In order to invoke income averaging, a resident taxpayer must display his entire, five-year income history. The nonresident need not. If income averaging were available to him, the nonresident could display a fluctuating California income as a cloak for nonfluctuating total income. He could lawfully relegate his non-California, base-period income to silence, even when it is high enough to reduce or eliminate its disparity with current, computation-year income. He could exhibit an inflated, computation-year California income even though his total income had not increased. Income averaging is optional. A nonresident taxpayer’s ability to isolate his California income for averaging would provide him more options than a resident taxpayer. His need for the parity of treatment sought by income averaging remains unknown, for he need not show foreign, nontaxable income. The latter may nullify his equitable entitlement to income averaging.
 

 The federal income averaging provisions exhibit congressional awareness that foreign, nontaxable income may offset the taxpayer’s equitable entitlement for income averaging. If a federal taxpayer chooses to average his income for the current tax year, he may not avail himself of the law’s exemptions for income earned either from sources outside the United States or from sources within the possessions of the United States. (26 U.S.C. § 1304(b)(3) and (4).)
 

 Instead of forcing the nonresident to show out-of-state income as a condition of income averaging, California has chosen to deny him the option. The denial is consistent with the state’s general policy of ignoring out-of-state income as a factor in progressive taxation. The nonresident isolates his California income for the purpose of finding his tax bracket. Ability to indulge in income averaging would multiply his opportunities ,to find a tax bracket ill suited to the goal of tax parity. Superimposed upon California’s system of ignoring the nonresident’s out-of-state income, averaging would permit him to distort his five-year income history; simultaneously it would deny the state the means of discerning between real and fictitious fluctuations. These factors provide a valid reason, independent of the mere fact of nonresidency, for denying income averaging to nonresidents.
 

 
 *1004
 
 Plaintiffs are in an idiosyncratic position. They were residents of California for three years and nine months and nonresidents for one year and three months of the five-year period. The law denies averaging to a taxpayer who Was a nonresident “at any time” during the computation year or the base-period. (Rev. & Tax. Code, § 18243, subd. (b).) Plaintiffs’ nonresidency during 1973, the computation year, supplies them only a limited ability to distort their income fluctuations. The practical possibilities of distortion dwindle in direct ratio to the span of nonresidency. Nevertheless, an occasional or accidental inequality due to circumstances personal to the taxpayer will not invalidate a nondiscriminatory general rule.
 
 (Travis
 
 v.
 
 Yale & Towne Manufacturing Co., supra,
 
 252 U.S. at pp. 80-81 [64 L.Ed. at pp. 469-470];
 
 Maxwell
 
 v.
 
 Bugbee, supra,
 
 250 U.S. at p. 543 [63 L.Ed. at pp. 1132-1133]; see also
 
 Morey
 
 v.
 
 Doud
 
 (1957) 354 U.S. 457, 463-464 [1 L.Ed.2d 1485, 1490-1491, 77 S.Ct. 1344].)
 

 Judgment affirmed.
 

 Puglia, P. J., and Regan, J., concurred.
 

 Appellants’ petition for a hearing by the Supreme Court was denied September 22,1977.