### FAX ET UX. *v.* STATE TAX COMMISSION OF MARYLAND

[No. 97, October Term, 1956.]

*Decided February 14, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON and PRESCOTT, JJ.

*Joseph Fax* for the appellants.

*Frank T. Gray, Assistant Attorney General,* with whom was *C. Ferdinand Sybert, Attorney General,* on the brief, for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

From a ruling by the State Tax Commission which denied an exemption to the taxpayer for certain sums of money received by the taxpayer and declared in his income tax return, but for which he claimed an exemption, this appeal has been taken. The taxpayer was employed by the United States Government Atomic Energy Commission (Commission) under a contract of employment for consulting services in connection with Thermo-Dynamic problems under the Atomic Energy Act of 1946. Under this contract, the taxpayer received three hundred dollars ($300.00) in income during the year 1951. He also had a contract for employment as a consultant to the Carbide & Carbon Chemicals Division, Union Carbide & Carbon Corporation, which company had a contract with the Oak Ridge National Laboratory at Oak Ridge, Tennessee. This contract was subject to and approved by the Commission. Under the daily rate of compensation set forth in the contract, the taxpayer received a total of $3,415.43 during the year 1951. The Comptroller and the State Tax Commission assessed taxes on all of this income, and the tax-

payer has appealed, claiming it is exempt from the income tax law of the State of Maryland.

The statute involved, and under which appellant claims exemption, is a part of Sec. 9 (b) of the Atomic Energy Act, 1946, 42 U. S. C. A. Sec. 1809 (b), which, until amendment in 1954, provided as follows:

"* * * The Commission, and the property, activities, and income of the Commission, are expressly exempted from taxation in any manner or form by any State, county, municipality, or any subdivision thereof."

The sole question presented is: Is income received by the appellant as compensation for work performed as a consultant to the Commission and its agent, under the Atomic Energy Act, includable in his gross income for purposes of computing the Maryland income tax for which appellant is liable?

The income in question here was received by the appellant as compensation for personal services rendered. All of this money is, under the terms of the Maryland income tax law (Sec. 276 of Art. 81 of the Code (1951)), includable as gross income, unless it is exempted by the above quoted portion of the Federal statute. Since this compensation is paid by the Commission and its agent to the appellant, it is not "income of the Commission", therefore, he relies upon a claimed exemption that his above income comes within the other terms of said statute, namely, "activities * * * of the Commission".

The appellant relies upon two cases decided by the Supreme Court of the United States: *Carson v. Roane-Anderson Co.,* 342 U. S. 232; and, *General Elec. Co. v. Washington,* 347 U. S. 909, 98 L. Ed. 1066. In both of these cases, the taxpayer was a corporation operating a facility of the Commission as its agent, and on its behalf. The agent in each case was completely controlled by the Commission which furnished all of the money required by the agent to operate the facility. All expenditures made by the agent for materials and labor were made under the plan formulated by the Commission and under its direction.

In the *Carson* case, the Court held where the taxpayer

purchased supplies for the Oak Ridge National Laboratory, as agent of the Commission, these purchases were an "activity" of the Commission and, as such, were exempt from a State sales and use tax. In the *General Electric* case, the taxpayer operated a plant as an agent for the Commission, without any fee for its services. The State of Washington imposed a "business and occupation" tax measured by gross business done within the State. The Commission paid all monies needed to operate the facility. The Court held the proposed tax was upon an "activity" of the Commission and, likewise, was exempt. Both of these cases are easily distinguishable from the case at bar, as indicated below.

The Maryland income tax is imposed upon a resident of the State for the privilege and opportunities of residence in Maryland, and not upon the source that generates or pays the income, which is the measure of the tax. *Wood v. Tawes,* 181 Md. 155, 28 A. 2d 850, *cert.* denied, 318 U. S. 788; *New York ex rel. Cohn v. Graves,* 300 U. S. 308; *Graves v. New York ex rel. O'Keefe,* 306 U. S. 466.

The conclusive recognition of this doctrine, which was approved in the *Wood* case, *supra,* was the culmination of a series of Supreme Court cases that refused to extend to personal income the immunity from taxation that, for one reason or another, attached to the property or governmental authority which produced the income. *Helvering v. Gerhardt,* 304 U. S. 405; *Helvering v. Mountain Producers Corp.,* 303 U. S. 376; *James v. Dravo Contracting Co.,* 302 U. S. 134; *Group No. 1 Oil Corp. v. Bass,* 283 U. S. 279; *Metcalf & Eddy v. Mitchell,* 269 U. S. 514.

Sec. 1809 (b) also provides (not quoted above) that the Commission may make payments to States and localities in which the Commission carries on its "activities" "in lieu of property taxes". It makes no reference to the payment of individual income taxes. This seems to be consistent with the well established policy of the United States government to authorize State taxation of Federal salaries. This policy is recognized not only by judicial determination, cited above, but also by Act of Congress. 5 U. S. C. A. Sec. 84a, April 12, 1939.

We hold that the Maryland tax on personal income, received as a result of services rendered to the Commission and its agents, is not a tax on the Commission's activity which produced the income.

*Judgment affirmed, with costs.*