[Civ. No. 14690. Second Dist., Div. One. Oct. 30, 1945.]

FRIEDA F. BURGESS, Respondent, v. STATE OF CALIFORNIA et al., Defendants; CHARLES J. McCOLGAN, as Franchise Tax Commissioner, etc., Appellant.

Robert W. Kenny, Attorney General, John L. Nourse and James E. Sabine, Deputies Attorney General, for Appellant.

Latham & Watkins and Richard W. Lund for Respondent.

YORK, P. J.—Plaintiff by the instant action seeks a refund of California personal income taxes paid for the calendar years 1935, 1936, 1937 and 1938, the basis of the suit being that this State has improperly refused to allow her a credit against the taxes payable to this State for the amount of taxes paid by her to the Dominion of Canada. The facts herein are stipulated, and may be summarized as follows: During each of the taxable years here involved, plaintiff, a resident of Los Angeles County, was a beneficiary of two trusts created and administered in the Dominion of Canada, the corpus of which consisted of Canadian

property. At the close of each quarterly period, the trustees prepared and filed with the Canadian Inspector of Income Tax a prescribed form of return, and withhheld and paid a tax of five per cent upon the difference between the income received by the trusts during the quarterly period and the expenses of the trusts for the same period, said expenses including "trustees' and bookkeeping fees, safe deposit rental charges, other bank charges, stationery and postage." After the close of the calendar year, said trustees prepared and filed an income tax return therefor and reported therein the income, expenses and taxes which were equivalent to the amounts theretofore reported quarterly.

In her California personal income tax return for the years 1935, 1936, 1937 and 1938, plaintiff reported as taxable income the net income from each of said trusts, and in 1935 and 1936, she claimed as a credit against her tax liability in this State, the amount of the five per cent tax paid to Canada. By a notice of deficiency, defendant Franchise Tax Commissioner disallowed said credit, but permitted the Canadian tax to be taken as a deduction from gross income. Plaintiff paid the deficiency thus assessed, but in view of the action of said commissioner, she did not claim the Canadian tax as a credit in her 1937 and 1938 returns. Upon denial of her claims for refunds for all four years, plaintiff instituted the instant action.

The trial court found in favor of plaintiff and entered judgment for $1,225.62 "California personal income taxes and interest overpaid for the calendar years 1935, 1936, 1937 and 1938."

Defendant commissioner prosecutes this appeal from the judgment upon the theory that section 25(a) of the California Personal Income Tax Act of 1935 (Stats. 1935, pp. 1090, 1117), Deering's Gen. Laws, Act 8494, and the amendment thereto of 1937 (Stats 1937, pp. 1831, 1855) contemplate a credit "only for a *net* income tax paid to another state or country," and that the tax imposed by section 9B (2)(d) of the Income War Tax Act of Canada is "on the gross amount" of income; therefore, it is not a net income tax entitled to credit in this State.

Section 6 of the Personal Income Tax Act of 1935 (Stats. 1935, pp. 1090, 1094, Deerings Gen. Laws, Act 8494) defines net income as "the gross income computed under section 7 of this act less the deductions allowed by section 8 of this act."

Section 7 defines gross income generally as "income derived from any source whatever," and section 8 of the act enumerates the allowable deductions from gross income, including "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered."

Appellant urges that a statute which imposes a tax on the entire amount received by a beneficiary *"without allowing any deductions or personal exemptions* would be a gross income tax, and that is what the tax imposed by section 9B (2)(d) is." (Emphasis added.) While it is true that no personal exemptions were deducted from the gross income received from the trusts, both the stipulation of facts herein, and the Canadian return attached thereto as Exhibit D, disclose that expenses of the trusts, including the yearly fee to the trustees for their services, were deducted from the gross income received from the trusts. After specifying each item of income and the various items of expenditures a final summary is made in which total deductions are subtracted from total income, resulting in an item denominated "Net income," which is used as the basis for computing the five per cent tax paid to the Canadian government.

Section 9B (2) (d) of the Income War Tax Act of Canada, which is recited in Exhibit D attached to the stipulation of facts herein, provides as follows:

"In addition to any other tax imposed by this Act an Income Tax of five per centum is hereby imposed on all persons who are non-residents of Canada in respect of:- . . . (d) All income for any taxation period received from any Canadian Estate or Trust which income shall be deemed to include all income accruing to the credit of non-resident beneficiaries whether received by them or not during the taxation period . . ."

There is nothing in the wording of the aforementioned section which would indicate that the tax thereby imposed should be computed upon the gross income of the trust estate before deducting the expenses thereof. In the instant suit, the trial court found that, under said provision, "a net income tax was imposed on plaintiff upon income derived from sources within Canada in the amounts set forth in the Stipulation incorporated herein."

In accord with the foregoing analysis and the trial court's

finding, it is the conclusion of this court that the tax paid to the Canadian government was a net income tax for which respondent is entitled to credit in this State.

The judgment is affirmed.

Doran, J., and White, J., concurred.