[Civ. No. 14878. Second Dist., Div. Three. Jan. 29, 1946.]

LEO V. BELDEN, Appellant, v. CHARLES J. McCOLGAN, as Franchise Tax Commissioner etc., Respondent.

Latham & Watkins and Richard W. Lund for Appellant.

Robert W. Kenny, Attorney General, John L. Nourse and James E. Sabine, Deputies Attorney General, for Respondent.

WOOD, J.—This is an action to recover money paid, under protest, as state income tax.

Plaintiff, a resident of California, received income during 1935 from sources in California and from a partnership, of which he was a member, in the State of New York. In 1936 he paid an income tax to New York on the 1935 income he received from the partnership, and he paid an income tax to California on the 1935 income he received from sources in California. In making his California return, plaintiff reported his entire income for the year 1935, and, in computing the tax, he deducted therefrom the amount of tax paid to New York. On April 1, 1939, the California Franchise Tax Commissioner

(defendant), in making an additional assessment against plaintiff, disallowed the credit for taxes paid to New York. Plaintiff paid the assessment under protest on the ground that the commissioner erroneously disallowed the credit. Plaintiff reported a net income of $52,004.88 from the partnership on his New York income tax return and computed the tax to be $3,646.38. He reported a net income of $156,165.90, including the partnership income, on his California income tax return and computed the tax to be $11,204.84, after deducting the tax paid to New York.

Appellant contends that he was entitled to credit for taxes paid to New York under the provisions of section 25(a) of the Personal Income Tax Act of California.

Respondent contends that appellant should have obtained a credit in New York for the tax he paid there, and that he is not entitled to a credit for that amount in California because he did not follow the prescribed procedure for obtaining a credit in New York.

The Personal Income Tax Act of California was enacted in 1935 [Stats. 1935, p. 1090; Deering's Gen. Laws, 1935 Supp., Act 8494]. It included a provision, in section 25(a), that "Whenever a resident taxpayer of this State has become liable to income tax to another State or country upon his net income . . . derived from sources without this State, and subject to taxation under this act, the amount of income tax payable by him under this act shall be credited with the amount of income tax so paid by him to such other State or country, but such credit shall not exceed" a certain proportionate amount of the taxpayer's entire income. (The amount claimed as credit herein does not exceed that proportionate amount.) Said act also included a provision, in section 25(b), that "Whenever a nonresident taxpayer . . . has become liable to income tax to the State or country where he resides upon his net income . . . derived from sources within this State and subject to taxation under this act, the amount of income tax payable by him under this act shall be credited with" a certain proportion of the tax so payable by him to the State where he resides; "provided, that such credit shall be allowed only if the laws of said State or country [where he resides] grant a substantially similar credit to residents of this State. . . ."

The New York tax law contained a provision, section 363, similar to that above mentioned in section 25(b) of the Cali-

fornia act. That section 363 provided: ''Whenever a taxpayer other than a resident of the state has become liable to income tax to the state or country where he resides upon his net income . . . derived from sources within this state and subject to taxation under this article, the tax commission shall credit the amount of income tax payable by him under this article with'' a certain proportion of the tax so payable by him to the state where he resides; ''provided that such credit shall be allowed only if the laws of said state or country [where he resides] (1) grant a substantially similar credit to residents of this state. . . .''

The case was tried upon a stipulation of facts. Early in 1936, while preparing his 1935 income tax returns for California and New York, plaintiff made inquiries of several persons in California who he believed were qualified to advise him regarding the construction and application of the Personal Income Tax Act of 1935, which had been passed in June of that year and was the first enactment in California which imposed an income tax. Plaintiff was unable to obtain from said persons in California information concerning the allowability as a credit against the income taxes payable to California for 1935, of the amount of income taxes he would pay New York for that year. Before filing his California and New York income tax returns for 1935, plaintiff also discussed his tax liability with an official of the New York State Income Tax Bureau, the agency which, under the supervision of the New York State Tax Commission, is charged with the administration of the New York income tax laws—and was advised by said official that he was required by New York to file a nonresident income tax return, to report therein his income from the partnership, and pay an income tax thereon to New York; that California had a reciprocal provision in its income tax law which permitted plaintiff to credit against the income taxes otherwise payable by him to California the amount of income taxes paid by plaintiff to New York. Plaintiff relied upon said advice and the fact that the California income tax form (No. 540) had a line thereon, under item 25, which provided that he should deduct from the tax payable to California ''Income tax paid to another state or country,'' whereas the New York nonresident income tax form (No. 203) had no provision thereon for deducting, from the tax computed to be due, any income taxes paid to another state. Plaintiff concluded and believed in good faith that he was liable to

New York for income taxes for 1935 on income from the partnership and that he could deduct the amount so paid to New York as a credit from the income taxes otherwise payable to California for 1935.

On April 15, 1936, he filed his New York income tax return, showing $3,646.38 to be the amount of his New York tax. He paid that tax to New York. Subsequently the New York State Income Tax Bureau audited plaintiff's books, and was advised that plaintiff was a resident of California and had paid California income tax for 1935, and on the basis of said audit the New York State Tax Commission disallowed a deduction of. $700 taken by plaintiff, and on February 11, 1937, assessed an additional tax of $56 therefor. Plaintiff paid the additional tax on February 25, 1937. Plaintiff did not file a claim for a refund of the tax paid in New York, and did not "formally" request the New York authorities to allow him credit for the taxes paid in California. No credit was allowed him by New York for taxes paid in California.

On April 15, 1936, plaintiff filed his California income tax return, showing $14,851.22 to be the full amount of his California tax. He deducted therefrom, as a credit for taxes paid in New York, the amount of $3,646.38, leaving a balance of $11,204.84 due to California. He paid that balance to California. On April 1, 1939, the California Franchise Tax Commissioner disallowed the credit of $3,646.38 taken as credit for taxes paid to New York. On May 29, 1939, plaintiff filed a written protest against the disallowance of the credit for the New York tax. On June 27, 1940, the California commissioner, by his notice of action on protest, affirmed the disallowance of the credit for New York tax. On August 22, 1940, plaintiff paid the additional tax of $3,646.38 and interest amounting to $946.73 to California under protest. On October 14, 1940, plaintiff filed with the California commissioner a written claim for refund of the amounts paid under protest, plus the additional $56 New York required him to pay. It was also stipulated that if plaintiff is entitled to recover herein the judgment should be for the principal sum of $3,702.38 (being the $3,646.38 and $56) and $946.73 interest, with interest on the total amount of $4,649.11 at 6 per cent per annum from the date of payment thereof, and for costs. When the California commissioner notified plaintiff on April 1, 1939, that he had disallowed the credit for taxes which had been paid to

New York, it was then fifteen days before the expiration of the three years within which the California commissioner could assess an additional tax; and it was then too late, under the New York law, for plaintiff to claim a refund of the tax paid in New York.

Articles 482 and 483 of the New York Personal Income Tax Regulations, during the year 1935 and prior and subsequent thereto, provided that a nonresident taxpayer who is liable to income tax in the state where he resides upon the income derived in New York shall be credited with the amount so paid in the state of residence on the New York income, *provided* the laws of the state of residence grant a similar credit to residents of New York who are subject to income tax under its laws. · Those articles provided further that when such credit is sought for income taxes paid to other states the income tax form must show all the information called for therein, and a claim for credit must be attached to and filed with the return; and that when the tax commissioner receives proof that any other state allows a substantially similar credit that fact will be announced from time to time by ruling of the commission. On November 3, 1938, the Tax Commission of New York ruled that residents of California were entitled to credit against the New York tax on account of their California tax on income from sources in New York. On December 20, 1935, a requirement to file a copy of the return filed with other states was added to section 483.

Plaintiff was liable both in California, the state of his residence, and in New York, the state where his partnership business was located, for tax on the income obtained from the New York partnership. (See *New York ex rel. Cohn* v. *Graves,* 300 U.S. 308 [57 S.Ct. 466, 81 L.Ed. 668, 108 A.L.R. 721].)

Although plaintiff was liable in California for a tax on the New York income, section 25(a) of the California act, provided in effect, as above mentioned, that plaintiff was entitled to a credit in California if he was also liable for the tax in New York and paid it in New York. Defendant (respondent) asserts that it was proper not to allow plaintiff credit in California for the tax paid in New York, because plaintiff should have paid the tax in California and then asked for credit in New York for the amount paid in California. If plaintiff had paid the tax in California and had been given credit in New York for the tax paid in California, there would have been

no credit for California to give. The result of proceeding in such manner would have been to pay California in full and to be relieved of the payment in New York. That proceeding would not have involved the giving of credit in California for tax paid in New York.

Although plaintiff was liable for the tax in New York, section 363 of the New York Tax Law stated in effect that he was entitled to credit if he was also liable for the tax in California and paid it in California, provided California had a reciprocal law to that effect. California did have such a reciprocal law, as shown by section 25(b) above mentioned. Defendant argues that it is not reasonable to assume that California intended to give up a tax, which it could have collected, merely because a resident made payment to another state which he could have avoided making; that California "intended to give up a tax (by permitting a credit) only to the extent that a resident could not avoid making payment to another state." That argument leads to the further observation that if a California resident could not avoid making the payment in another state then he should not be given credit in California for the tax paid in the other state, because it would then appear that the other state did not have a reciprocal law allowing credit to California residents, which reciprocal law is the basis for allowing such credit, under section 25(b), in California. It therefore appears, according to that argument, that if plaintiff had avoided the payment in New York a credit in California would not have been involved, because he had paid no tax in New York; and that if he could not have avoided the payment in New York a credit in California would not have been involved, because New York did not have a reciprocal law allowing credit. It seems, from respondent's argument, that the word "credit" as used in the California statute did not mean that California, the state of the taxpayer's residence, would credit its resident with tax paid in the other state, but it meant that it would not require a resident of the other state to pay a tax in California if the other state would not require a resident of California to pay a tax in the other state.

The word "credit" was used in the statute and should not be deprived of significance by giving it a meaning to the effect that the California resident taxpayer would not be given credit in California but should pay California in full and then try to get credit in the other state. When he claims credit in

California, the state says that he should not have paid the tax in New York because he could have paid it in California and claimed credit in New York. If he had paid the tax in California and claimed credit in New York, that state might have denied him the credit, claiming that he should not have paid the tax in California because he could have paid it in New York and claimed credit in California.

In 1937 said section 25(a) of the statute was amended to provide, among other things, that the credit was not allowable "if such other State or country allows residents of this State a credit against the taxes imposed by such State or country for taxes paid or payable under this act." (Deering's Gen. Laws, 1937, Act 8494, p. 3931, Stats. 1935, p. 1090, as amended by Stats. 1937, p. 1855.) It appears that before the 1937 amendment a California resident taxpayer might have found California and another state each claiming that he should pay the tax to it because he was entitled to a credit or refund in the other state.

The California official tax form presented to plaintiff provided in a line thereon, at the place for computing the tax, for a deduction for tax paid in another state. The instruction printed on that form, relative to deduction for tax paid in another state, did not state that the credit should be obtained in the other state, but did state that "In order to obtain the credit," the taxpayer should file a copy of his return to the other state and the receipt showing payment. There was no provision on the New York tax form for deducting tax paid in another state.

It was not until after said 1937 amendment of the California law that the New York Tax Commission announced that residents of California were entitled to a credit against the New York tax on account of their California tax on income from sources in New York.

As above stated, 1935 was the first year in which the California state income tax law was in effect. Plaintiff was required to determine, under the penalty of paying interest and perhaps paying double taxes, whether he should pay the tax on the New York income in California and claim the credit in New York or pay it in New York and claim the credit in California. He was advised by an official of the New York Income Tax Bureau that he was required to pay the tax in New York. It was stipulated that he acted in good faith in paying the tax in New York. Since he acted in good faith in paying the

tax there, it could not reasonably be expected that he would claim he should not pay it and ask for credit or for a refund. He had no opportunity to ask for a refund after the California commissioner notified him that his claim for credit had been rejected—the two years within which he could have asked, under the New York law, for a refund having expired before he was so notified. There was no assurance that New York would have allowed him a credit or a refund if he had asked for it. On the contrary, considering the additional assessment made in New York when it was known that plaintiff had paid income taxes in California, and considering the certificate of two of the New York Tax Commissioners to the effect that "the payments were properly made and in accord with the Law and the facts as appearing in the record," it is quite probable that a credit or refund would not have been allowed.

The judgment is reversed, and the superior court is directed to enter judgment for plaintiff for $4,649.11 with interest thereon at the rate of 6 per cent per annum from August 22, 1940, and for costs.

Desmond, P. J., concurred.

SHINN, J.—I concur in the judgment upon the following ground: California would now say to the taxpayer, "You were not liable for the tax in New York because New York would have given you a credit if you had paid it in California." With equal propriety, New York could have said, "You do not owe the tax in California because you are entitled to a credit there if you pay it in New York." If he had paid it in California, New York instead of California might have been the one that made the belated demand for payment with penalties and interest. The taxpayer should not be mulcted at this late date on the assumed fact, which is not susceptible of proof, that under identical laws and circumstances New York would have allowed a credit which California has refused to allow. If plaintiff had paid in both states and had demanded from each state a refund because of the payment made to the other state, one or the other should have granted a refund, but which one?