[Civ. No. 23145.  Second Dist., Div. Two.  July 29, 1959.]

ISABELLA MACKEY CLEMENS, Appellant, v. FRANCHISE TAX BOARD, Respondent.

Fleming & Anderson and Clifford R. Anderson, Jr., for Appellant.

Stanley Mosk, Attorney General, James E. Sabine, Assistant Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

HERNDON, J.—The issues of law presented by this appeal are essentially the same as those involved in the companion case of *Burnham* v. *Franchise Tax Board, ante,* p. 438 [341 P.2d 833], this day decided.

Appellant was at all material times a California resident and domiciliary. She is a life beneficiary of a testamentary trust created by her father, a Canadian resident whose estate was probated in Canada. The trustee is the Guaranty Trust Company of Canada, a Canadian corporation and the branch administering the trust is located in Sudbury, Ontario, Canada.

During the period involved, the corpus of the trust consisted of certain real property located in Canada, certain stocks in corporations whose operations and places of business were all within Canada, mortgages and agreements of sale on real property located in Canada, and certain bonds of Canadian corporations and of the government of Canada. The income of the trust was from rents from the real properties managed by the trustee, dividends from the stock of the corporations and interest on the bonds, mortgages, etc. The trustee collected this income, paid the expenses of operating and maintaining the trust, paid Canadian income taxes, accounted to the Canadian courts and distributed a portion of the income to appellant in California.

During the years 1951 and 1952 the Canadian trustee made distributions to the appellant of her share of the trust income after first deducting from each of said distributions 15 per cent thereof to cover the taxes imposed upon such payments by the provisions of section 96 (1) (c) of the Canadian Income Tax Act of 1948. (Statutes of Canada, 1947-1948, chap. 52.) Said statute allowed nonresidents no credit for any taxes paid under the California Personal Income Tax. (Rev. & Tax. Code, §17001 et seq.) The trustee in computing the amounts

448

available for distribution first deducted from the gross income of the trust the expenses of administration of the trust and expenses in connection with the maintenance of the properties included in the corpus of the trust.

In her California income tax returns for 1951 and 1952, appellant applied the Canadian taxes which had been withheld from her share of the trust income as credits against her California income tax. The Franchise Tax Board refused to allow the Canadian taxes as credits, but did allow them as deductions. Appellant paid under protest the additional tax assessed by the board, and upon disallowance of her claim for refund commenced this action. The trial court held that the Canadian income taxes withheld from appellant's share of the trust income did not qualify for allowance as credits under section 18001 of the Revenue and Taxation Code because (1) the Canadian tax was not a "net" income tax; and (2) appellant's income was not derived from sources within Canada.

We have concluded that the Canadian Income Tax Act of 1948, as it applied to nonresidents, was not a net income tax but rather a tax on the gross amount of the nonresident's income whether in the form of dividends declared by Canadian corporations or of distributions from Canadian trusts. In our opinion in *Burnham* v. *Franchise Tax Board, ante,* p. 438 [341 P.2d 833], we have quoted the pertinent provisions of the applicable California and Canadian statutes. We there set forth a detailed analysis and historical review of the Canadian Income Tax laws. That discussion is equally applicable to the case at bar and need not be here repeated.

Appellant here, however, has made the additional argument that, whatever may be said of the nature of the Canadian tax as it applies to the dividends of Canadian corporations paid to nonresident stockholders, the tax is a net income tax as it applies to trust income such as that received by appellant. This argument is based mainly upon the fact that the trustee, in computing and reporting the amounts to be distributed to the beneficiaries, first deducted from the gross income of the trust certain expenses of administration and various expenses of operating and maintaining the properties included in the corpus.

The fallacy in this argument is that it fails to recognize that for tax purposes the trust and the beneficiary are regarded as separate and distinct legal entities, just as the corporation is treated as an entity distinct from its stockholders. "In so ruling we do not forget that the trust is an

abstraction, and that the economic pinch is felt by men of flesh and blood. Even so, the law has seen fit to deal with this abstraction for income tax purposes as a separate existence, making its own return under the hand of the fiduciary and claiming and receiving its own appropriate deductions." (*Anderson* v. *Wilson*, 289 U.S. 20, 27 [53 S.Ct. 123, 77 L.Ed. 517].)

That the Canadian law treats the trust as a separate entity for tax purposes is clear, both from the provisions of the Canadian tax statutes and from the Canadian fiduciary returns which were received in evidence in this case. Under California law, also, the trust and the beneficiary are regarded as separate taxpayers. The fact that the trustee, in computing and reporting the amounts distributed to the beneficiaries, was permitted to deduct certain expenses has no bearing on the nature of the tax which Canada imposed upon the nonresident beneficiary. Corporations also are permitted to deduct business expenses in computing their net income, but when they pay dividends, the nonresident stockholders of such corporations are required to pay their Canadian tax on the entire amount of the dividends paid without any deductions whatsoever.

Other illustrations will serve to emphasize the truth that the Canadian tax was not a *net* income tax within the meaning of the California credit provision. If a California resident was a beneficiary of a Canadian trust and engaged in some business activity in Canada in which he sustained a loss, or if he incurred substantial business expenses in Canada, neither the loss nor the expenses would be deductible from the amount distributed by the Canadian trustee in computing the amount of the Canadian tax to be withheld. In other words, the 15 per cent Canadian tax applies to the entire amount distributed by the Canadian trustee to the California beneficiary without any deductions, exemptions, or credits whatsoever. By way of contrast, it should be noted that a very different result would obtain under the California Income Tax law which imposes a *net* income tax. If a resident of Canada were a beneficiary of a California trust which received returns from California real property, and if the Canadian beneficiary was engaged in some business activity in California in which he sustained a loss or incurred necessary expenses, he would be permitted to file a California return in which he would report the amount distributed to him by the California trustee as gross income,

and from this he would be permitted to deduct his California losses and business expenses and to take the personal exemptions allowed by the California statute. He would pay his California tax only on the remaining balance.

Appellant places her principal reliance on the case of *Burgess* v. *State*, 71 Cal.App.2d 412 [162 P.2d 855]. For the reasons fully stated in our opinion in *Burnham* v. *Franchise Tax Board*, *ante*, p. 438 [341 P.2d 833], this decision is without controlling authority here.

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.