BRAY, P. J.
 

 Plaintiffs appeal from a judgment in favor of defendant denying them a refund of personal income taxes.
 

 Questions Presented
 

 1. Was the Canadian income tax paid by California residents on corporate dividends a “net income tax” under section 18001 of the Revenue and Taxation Code (formerly § 17976)?
 

 2. Is section 18001 unconstitutional ?
 

 Record
 

 The facts were stipulated. Plaintiffs during the years 1949-1953, inclusive, owned stock in a Canadian corporation which engaged in no business in Californa and all of whose property and activity was in Canada. Plaintiffs at all times were residing and domiciled in California. Bach year plaintiffs received dividends from the corporation. From these dividends the corporation withheld 15 per cent to pay taxes to the Canadian government pursuant to a Canadian tax statute. Each year in their California tax returns plaintiffs reported the gross amount of these dividends and plaintiffs took these taxes as deductions from gross income. After the decision in
 
 Henley
 
 v.
 
 Franchise Tax Board
 
 (1953), 122 Cal.App.2d 1 [264 P.2d 179], plaintiffs filed with the California Franchise Tax Board for refunds for the amount of the Canadian income taxes withheld by the Canadian corporation. Upon rejection of their claim by the board and denial by the Board of Equalization of plaintiffs’ appeal, plaintiffs filed this action. The court held that plaintiffs are not entitled to any refund.
 

 1.
 
 The Canadian Taxes Are Not “Net Income Taxes.”
 

 Section 18001 of the Revenue and Taxation Code provided : “Subject to the following conditions, residents shall be allowed a credit against the taxes imposed by this part for net income taxes imposed by and paid to another state or country on income taxable under this part:
 

 “(a) The credit shall be allowed only for taxes paid to the other state or country on income derived from sources within that state or country which is taxable under its laws irrespective of the residence or domicile of the recipient.”
 

 The issue herein is whether the taxes paid Canada upon
 
 *593
 
 plaintiffs’ dividends are “. . .
 
 net income taxes
 
 imposed by and paid to . . .” Canada. (Emphasis added.) As said in
 
 Burnham
 
 v.
 
 Franchise Tax Board
 
 (1959), 172 Cal.App.2d 438, 440-441 [341 P.2d 833], concerning similar taxes paid Canada, that is the “determinative question.”
 

 Since this action was brought, two cases were decided which appear to be conclusive on the matter. They hold that taxes paid under the same Canadian statute as the taxes in question here were paid are not “net income taxes” in the meaning of section 18001 (formerly § 17976). These cases are
 
 Burnham
 
 v.
 
 Franchise Tax Board, supra,
 
 172 Cal.App.2d 438 and
 
 Clemens
 
 v.
 
 Franchise Tax Board
 
 (1959), 172 Cal. App.2d 446 [341 P.2d 838],
 

 In the Burnham case the exact problem we are confronted with was before the court. The returns, as here, involved the years 1949-1953 and were paid by taxpayers residing and domiciled in California. As did plaintiffs here, the taxpayers there reported dividends from Canadian corporations operating solely in Canada. The corporation, as here, withheld 15 per cent of the dividends and paid the same to the Canadian government. The court pointed out that the allowability of the credit claimed under section 18001 depended upon whether "
 
 the Canadian income tax law in effect during the years 1949 to 1953 imposed a ‘net income tax’ í
 
 ” (P. 441.) The court then extensively examined the history of the Canadian Income Tax Act and when it reached the portion applicable to the case at bar stated:
 
 “A
 
 portion of the Canadian taxes involved in the case at bar were imposed by the 1948 Act and the remainder by the statute of 1952 later to be discussed. . . . Part II of the 1948 Act was entitled
 
 ‘Tax on Income from Canada of NonResident
 
 Persons.’ The pertinent provisions of Part II read as follows:
 

 “ ‘96(1) Every nonresident person shall pay an income tax of 15% on every amount that a person resident in Canada pays or credits, or is deemed by Part I to pay or credit, to him as, on account or in lieu of payment of, or in satisfaction of (a) a dividend . . . (b) interest . . . (e) income of or from an estate or trust . . .
 

 “ ‘97(1) The tax payable under section 96 is payable on the amounts described therein
 
 without any deduction from those amounts whatsoever.’ ”
 
 (P. 444.)
 

 The court found that the 1952 legislation effected no substantial change in the basic character of the taxes imposed by the 1948 act.
 

 
 *594
 
 “The conclusion appears to be inescapable that the Canadian tax paid by the taxpayers in the case at bar pursuant to the Act of 1948, as well as those paid under the Act of 1952, were taxes imposed on their
 
 gross
 
 income from the Canadian sources. These taxes, therefore, were not ‘net income taxes’ and did-not qualify as allowable credits under section 18001 of the California Revenue and Taxation Code.” (P. 445.)
 

 The court then distinguished
 
 Henley
 
 V.
 
 Franchise Tax Board, supra,
 
 122 Cal.App.2d 1, and
 
 Burgess
 
 v.
 
 State,
 
 71 Cal. App.2d 412 [162 P.2d 855], both relied upon by plaintiffs here, by pointing out that the taxes in those cases were governed by an entirely different Canadian statute than the one pertinent to its ease (and also ours), namely, the 1917 Canadian Income Tax Act. The court demonstrates that the later act, contrary to the 1917 Act, expressly denies “to the nonresident taxpayer, not only the privilege of any
 
 exemption
 
 but also the benefit of any
 
 deductions or tax credits.”
 
 (P. 443.) Thus, it is clear that the Canadian statute imposes a tax on gross income and not on net income.
 

 The Clemens case dealt with the Canadian income tax paid upon the income from a Canadian trust received by a California resident. The corpus of the trust consisted of real property, stocks in Canadian corporations whose operations and places of business were all within Canada, and Canadian bonds. The trustee collected the income, paid the expenses of operating and maintaining the trust, paid Canadian income taxes, accounted to the Canadian courts and distributed a portion of the income to the California resident, first deducting therefrom 15 per cent thereof to cover the taxes imposed upon such payments by the same Canadian act under consideration here. The period of time involved is a portion of the time involved in our ease. The court held that the income taxes paid for the California distributee were not “net income taxes” but “gross income” taxes within the meaning of section 18001, Revenue and Taxation Code.
 

 2. Is
 
 Section 18001 Unconstitutional?
 

 Plaintiffs contend that if the California credit provision allows a credit only for “net income taxes” and not for “gross income taxes” it deprives resident stockholders of the equal protection of the law. The legislative policy as discussed in
 
 Miller
 
 v.
 
 McColgan
 
 (1941), 17 Cal.2d 432 [110 P.2d 419,134 A.L.R. 1424], is to allow credit only for taxes similar to the California tax. The Legislature is accorded
 

 
 *595
 
 great latitude in establishing tax policy.
 
 (First Unitarian Church
 
 v.
 
 County of Los Angeles
 
 (1957), 48 Cal.2d 419, 432 [311 P.2d 508].) “It has long been settled that the power of the legislature to make classifications, particularly in the field of taxation, is very broad, and that the fourteenth amendment imposes no 'iron rule’ of equal taxation.”
 
 (Department of Revenue
 
 v.
 
 Warren Petroleum Corp.
 
 (1954), 2 Ill.2d 483 [119 N.E.2d 215, 220]. See
 
 County of Los Angeles
 
 v.
 
 Southern Calif. Tel. Co.
 
 (1948), 32 Cal.2d 378, 388-389 [196 P.2d 773].)
 

 There is nothing unreasonable or unnatural in the Legislature limiting the allowance of the tax credit under California law to
 
 net
 
 income taxes paid to other states or countries.
 

 Belden
 
 v.
 
 McColgan
 
 (1946), 72 Cal.App.2d 734 [165 P.2d 702], is not applicable here. That case held that income taxes paid to New York by a California resident upon income received from his partnership in New York was entitled to be credited upon his California personal income tax. There is a basic distinction between partnership income and income in the form of dividends received by a California resident from stock in a corporation. In
 
 Miller
 
 v.
 
 McColgan, supra,
 
 17 Cal.2d 432, 437, the nature of a stockholder’s interest is carefully analyzed. “The shares of stock are the
 
 immediate
 
 source of the income
 
 to the recipient,
 
 though the
 
 ultimate
 
 source is to be found one or more steps back in the process where the new wealth was first called into existence.” The owner of shares of stock in a corporation is not the owner of the corporation’s property. In a partnership the immediate source of the income is the “new wealth” which was called into existence. A partner, of course, is an owner of the partnership property. The difference in the nature of a stockholder’s interest in a corporation and a partner’s interest in a partnership gives rise to a difference in source of income of a California resident. Such difference constitutes a reasonable basis for distinguishing for income tax purposes income received by California residents from foreign corporations and from foreign partnerships.
 

 Judgment affirmed.
 

 Tobriner, J., and Duniway, J., concurred.