OPINION OF THE COURT
Edward S. Conway, J.
This is an article 78 proceeding in which petitioners seek an order reversing respondent’s determination of January 24, 1983 and directing that the State Tax Commission redetermine petitioner’s tax for 1976.
Petitioners are husband and wife and prior to 1976 they lived in Texas. On January 1,1976, Mr. Franklin moved to New York City. On July 29,1976, Mrs. Franklin joined her husband and relocated in New York. On September 18, 1976, petitioners sold a jointly owned office building located in Austin, Texas. The net long-term capital gain realized by petitioners from the sale was $26,004.50. The Tax Commission has held that the entire capital gain is subject to New York State and New York City personal income taxes because at the time of the sale on September 18, 1976 they had both established New York residency. The petitioners contend that only the portion of gain accruing while petitioners were residents of New York is taxable by New York State.
This court must agree with the contentions of the petitioners. The regulation which governs the liability of the petitioners in the instant proceeding is 20 NYCRR 148.7 and it provides, insofar as pertinent, as follows:
“148.7 Capital gain or loss and capital loss carry-over.
*405 “(a) Where an individual or a trust changes resident status during the taxable year, the net capital gains and losses attributable to such individual or such trust are to be computed separately for the resident period and for the nonresident period covered by the New York State income tax returns required under this Part. In each case the computation of the capital gain or loss to be reported is to be made in the same manner as the corresponding Federal computation and on the same basis as if the taxable year of such individual or such trust for Federal income tax purposes were limited to the taxable period covered by the applicable New York State income tax return, except that:
“(1) the separate computations applicable to the respective periods of residence and nonresidence must include any special accruals required by section 148.10 of this Part”.
During the time petitioners owned the Texas property (2,722 days) they were residents of New York only 262 days in the case of Mr. Franklin and 51 days in the case of Mrs. Franklin. The taxing power executed by New York State must bear a fiscal relationship between the tax levied and the benefits afforded by the State (see Wisconsin v J. C. Penney Co., 311 US 435). The above ratios, applied to the capital gain reported for Federal tax purposes, form the proper regulatory and constitutional basis for taxation by the State and City of New York.
The contention by the respondent that section 604 of the Tax Law applied and that because the petitioners use the case method of accounting, the date on which the income is received is determinative of what is to be taxed, is untenable. This only describes accounting techniques and practices which establish when income is to be considered as realized so as to be subject to taxation, not what income is to be taxed. The regulation as cited above (20 NYCRR 148.7 [a]) is controlling.
The petition is granted and the determination of the respondent is reversed.