■ In the Matter of LEONARD L. FRANKLIN et al., Respondents, v NEW YORK STATE TAX COMMISSION, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered September 9, 1983 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the State Tax Commission regarding petitioners' 1976 New York State and New York City personal income tax liability. ¶ Petitioners moved to New York City on January 1, 1976 and July 29, 1976, respectively. On September 18, 1976, they realized a net long-term capital gain of $26,004.50 from the sale of a jointly owned office building located in Texas. Their failure to file a New York State income tax return for 1976 caused the Department of Taxation and Finance to calculate their liability and issue a notice of deficiency for personal income tax, together with interest and penalties, on September 21, 1979. For purposes of this appeal, it is enough to note that petitioners challenge inclusion by the Tax Commission, for New York State and New York City income tax purposes, of the entire capital gain realized on the sale of the Texas property; they seek to have this deficiency redetermined. It is their contention that only that portion of the gain accruing while they were residents of New York is taxable by the State and City of New York. Special Term adopted petitioners' view and this

appeal by the Tax Commission followed. ¶ We reverse, confirm the determination of the Tax Commission and dismiss the petition. Petitioners are subject to New York State and New York City personal income tax on the entire capital gain, which was realized while they were New York residents. The accretion in value of the building did not constitute income (*Eisner v Macomber,* 252 US 189, 214-215) until that income was realized, and that did not occur until it was sold (see *Merchants Loan & Trust Co. v Smietanka,* 255 US 509). At that point petitioners were both New York residents, and since it is clear that a State can tax the income of its residents regardless of its source (*New York ex rel. Cohn v Graves,* 300 US 308, 315), petitioners' due process rights were not offended by the Tax Commission's determination. ¶ Judgment reversed, on the law, without costs, determination confirmed, and petition dismissed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur. [120 Misc 2d 404.]